# CHARLESTON

CITY OF CHARLESTON *v.* CHARLESTON BREWING CO.

Submitted September 6, 1906.    Decided  December 4, 1906.

1. LICENSES—*Occupation  Tax—Breweries.*

   A brewery located within the corporate limits of an incorporated city, town or village, and there conducting its business of manu-facturing beer and selling the same at wholesale, is subject to a license tax by the municipal corporation, although it does not maintain within such corporation a storehouse or place of busi-ness other than its manufacturing plant, cold storage room and office.  (p. 34 )

2. STATUTES—*Construction.*

   The limits of the application of a statute are generally held to be co-extensive with the evil or purpose it was intended to suppress or effectuate, and neither stop short of, nor go beyond, the pur-pose which the legislature had in view.  (p. 37.)

Error to Circuit Court, Kanawha County.

Action by the City of Charleston against the Charleston Brewing Company.  Judgment for defendant, and plaintiff brings error.

*Reversed.*

McWHORTER & LOEWENSTEIN, for plaintiff in error.

AVIS, JORDON & HARDY, for defendant in error.

POFFENBARGER, JUDGE:

A writ of error in this case to a judgment of the circuit court of Kanawha county, rendered on an appeal from a judgment of the police court of the city of Charleston, pre-sents a single question, namely, whether said city may im-pose a license tax upon the manufacture and sale at whole-sale, within its corporate limits, of lager beer, the plant of the defendant being situated and operated within said limits, and such sales made by it at the plant to customers en-gaged in the retail liquor business in the city,

The charter of the city provides, section 26 of chapter 152 of the Acts of 1901, (as does also section 33 of chapter 47 of the Code of 1899, Annotated Code, sec-tion 1878, in substance,) as follows:    "Whenever anything for which a state license is required is to be done within said

city or within two miles of the corporate limits thereof, the council may require a city license to be had for doing the same.''

The state law on the subject is found in section 74 of chapter 36 of the Acts of 1905, chapter 32, Annotated Code, section 996, and reads as follows:

'' A license for carrying on a distillery shall authorize the holder thereof to sell the product of such distillery at wholesale at the distillery, but shall not authorize such holder to sell such product at retail at any place; and the shipment or delivery of any such product from any place of storage other than the distillery shall be deemed a sale without license at the place of such shipment or delivery, unless a license to sell at wholesale at that place has been obtained under this chapter and shall be in force. But a license to carry on a brewery shall authorize the holder thereof to solicit and receive orders for, sell, offer and expose for sale, the product of such brewery, at wholesale only, in any and all of the counties and cities, towns and villages of this state, except in those counties where the county court or other license tribunal does not grant license to sell intoxicating liquors, as except also in cities, towns and villages where the city council or other license tribunal does not grant license to sell intoxicating liquors.

No city, town or village shall impose on the holder of a state license to carry on a brewery any municipal license tax unless he maintains a storehouse or place of business therein, and such municipal license tax shall not exceed two and one-half cents per barrel on the sales made at such storehouse or place of business; this, notwithstanding the provisions of chapter forty-seven of the Code or of the charter of any city, town or village.''

Construing this statute as not inhibiting the imposition, by the city, upon the defendant, under the circumstances, stated, the city council amended section 29 of the city ordinance, relating to licenses, so that it now reads as follows:

· '' On every license to carry on a brewery for the manufacture of beer, porter or ale, 2 1-2c per barrel on all sales made at the brewery, place of business or storehouse within the jurisdiction of the City of Charleston, the amount of such sales

to be reported by such breweries to the Common Council at the time and in the manner reports are required to be made under the State law.''

No denial of its maintenance of a place of business within the city, from which sales are made, as contemplated by the ordinance, is made by the defendant in error. Its sole contention is that its plant, including a cold storage room, is not such a ''storehouse or place of business'' as it must maintain in order to subject itself to taxation by the municipal corporation. By way of construction, contrary to the letter of the statute, but in conformity with alleged specific legislative intent, said to be deducible from the general spirit of the statutes, relating to the imposition of license taxes on breweries and wholesale dealing in beer, it would qualify the language by the addition, to ''place of business,'' of the words ''other than its brewery.''

The argument to sustain the view, that the legislature intended to discriminate in favor of domestic or home breweries as against foreign breweries, is predicated upon nothing more than separate provisions in the statute for taxing mere wholesale dealing and the business of manufacturing and wholesale dealing, or manufacturing only. A manufacturer's license, governed by sections 66 to 76, inclusive, of chapter 32 of the Code, authorizes wholesale selling without an additional license. As some persons, firms and corporations, sell at wholesale, without manufacturing, provision was made for them in sections 77 to 86 of said chapter. Some provisions of these sections may be general in their application. There is no intention here to foreclose any question of that kind that may arise, but only to indicate that the legislature made provision for two classes. It is easy to perceive that either a domestic or foreign brewery may put itself in either class and this alone excludes the hypothesis upon which the argument for defendant in error is founded.

Our conclusion is that the legislature intended to permit the collection of license taxes from breweries by municipal corporations in which they do business, within the meaning of the terms, as they have been defined by the courts in cases arising under statutes, concerning interstate relations. Maintaining a store-room at which goods are kept for sale

and sold, or the operation of a mill or factory of any kind brings a person or corporation maintaining such store or operating such mill or factory within their meaning. In framing the statute in harmony with this system of law, the legislature placed home breweries as nearly on an equal footing as possible with foreign breweries. It could not authorize taxation of the latter by municipal corporations, unless they should happen to be doing business in the state, otherwise than filling orders sent to them or procured by traveling salesmen, and, to have authorized taxation on the business of home breweries in every town or city in which such sales might be made, would have put them at an enormous disadvantage. As, in this, a plain reason for the limitation in section 74 upon the taxing power of municipal corporations is perceived, we cannot extend it beyond the purpose which called it into being, without violating well established rules of construction. The limits of the application of a statute are generally held to be co-extensive with the evil or purpose it was intended to suppress or effectuate. *Daniel* v. *Simms*, 49 W. Va. 554; *Kirkpatrick* v. *Deegans*, 53 W. Va. 275. They neither stop short of, nor go beyond, the purpose the legislature had in view.

Giving the statute the construction contended for by the attorneys for the defendant in error, the circuit court found for the defendant and adjudged that it go thereof without day. As this construction was wrong and the judgment, therefore, erroneous, we reverse it, find the defendant guilty, impose upon it a fine of twenty dollars, payable to the said city, and render judgment accordingly, with costs in this Court, the circuit court of Kanawha county and the police court of the city of Charleston.

## On Petition for Re-Hearing.

Want of limitation on the amount of the license tax to the sum of $250.00 is urged as ground of invalidity in the ordinance. The statute fixes the limit at $2\frac{1}{2}$ cents per barrel, Code 1906, chapter 32 section 74, and that is the amount imposed by the ordinance. The $250.00 limitation prescribed by section 18 of said chapter applies to licenses to sell beer, ale or porter at wholesale, not a license to carry on a brewery.

The legislature has observed the very substantial difference between selling only and manufacturing and selling.

                                                    *Reversed.*

BRANNON, JUDGE, (*dissenting*):

The defendant had no storehouse or place of business but its brewery in Charleston. It simply operated a brewery, and the statute prohibits the city from putting a license tax on that.