BROOKS RAYNES, *An Infant, Etc.*

*v.*

NITRO PENCIL COMPANY

(No. 10075)

Submitted February 1, 1949.  Decided

March 1, 1949.

*Salisbury, Hackney & Lopinsky, Emerson Salisbury,*
*M. O. Litz* and *H. D. Rollins,* for plaintiff in error.

*Campbell, McClintic & James, J. Hunter McClintic,*
*Charles C. Wise* and *Larry W. Andrews,* for defendant
in error.

Kenna, Judge:

This action in trespass on the case was brought in the
Circuit Court of Putnam County by Brooks Raynes, an
infant under the age of twenty-one years who sued by
Frances V. Raynes, his legal guardian, against Nitro
Pencil Company, a corporation, seeking the recovery of
$25,000.00 damages for the loss of three of the plain-
tiff's fingers in the course of his employment by the de-
fendant at its Nitro factory while operating a defective
rotating roller. Demurrers were sustained to both an
original and an amended declaration, the latter being
spoken of hereafter as the declaration, and the action
dismissed. This writ of error was granted upon the
petition of the plaintiff below.

The declaration alleges that the plaintiff, at the time
of his injury, was seventeen years of age and therefore
that his employment by the defendant was in violation
of Code, 21-6-2. The position of the defendant upon de-
murrer to the declaration was, first, that the employment
of plaintiff by defendant was not one of the employments
of a child under eighteen years of age prohibited by Code,
21-6-2, and that consequently the plaintiff's sole right
of recovery was under the Workmen's Compensation
Law which protected the defendant from a common law
recovery for injuries sustained by its employees in the
course of and resulting from their employment; and,
second, that if the statute in question did apply the
declaration of plaintiff was still defective because its
allegations do not bring the plaintiff's work at the time
of his injury within any of the employments specifically
prohibited, and hence do not allege that the violation of
the statute was the proximate cause of that injury.

The contention of the plaintiff in error, plaintiff below, was and is that his employment by the defendant was in violation of Code, 21-6-2, which provides that no child under eighteen years of age shall be employed in "* * * (3) Ore reduction works, smelters, hot rolling mills, furnaces, foundries, forging shops, or in any other place in which the heating, melting or heat treatment of metals is carried on; * * *". The declaration alleges that "furnaces" were used within the defendant's plant in close proximity to the plaintiff's working place in the process of manufacturing its product for the purpose of heating graphite and other raw materials in order to transform them into pencil lead. The position of the defendant upon demurrer is that by its plain language subsection three of section two of article six of chapter twenty-one, relied upon by the plaintiff, confines the prohibited employment to places "in which the heating, melting or heat treatment of metals is carried on" and that since graphite is not a metal and no heat treatment of a metal is alleged to be a part of the defendant's manufacturing process, the use of furnaces for the purpose of preparing graphite is not an employment forbidden to a child under the age of eighteen years.

The plaintiff in error, plaintiff below, answers the contention of defendant by arguing that the section in question is a remedial statute that should be liberally construed and that consequently the word "furnaces" as used therein should not be restricted to furnaces used in the heat treatment of metals.

As we understand the rule permitting the liberal construction of remedial statutes, it is, like other rules of construction, not applied where the language under consideration carries a plain meaning. *Kelley & Moyers v. Bowman,* 68 W.Va. 49, 69 S.E. 456; *State v. Patachas,* 96 W.Va. 203, 122 S.E. 545. We are of the opinion that here the language does not require construction. After enumerating specifically a number of plants, the opera-

tion of which is confined to the heat treatment of metals, it closes with the general provision "or in any other place in which the heating, melting or heat treatment of metals is carried on;". It is argued that because the Legislature specifically enumerated "furnaces" among the prohibited plants, the terms of the statute include the plant of the defendant because a furnace was a part of it. The purpose to include furnaces of every nature and kind (domestic?) would result in an absurdity so apparent that it cannot be charged to legislative bodies. To the contrary, in our opinion the plain language shows that they did not so intend. Consequently we do not reach the question of whether Code, 21-6-2, is a remedial statute to be liberally construed or is a statute in derogation of the common law to be strictly construed. There being no question of construction involved, we do not attempt to decide that.

In our opinion the plant of the defendant is plainly not a "place in which the heating, melting or heat treatment of metals is carried on" and therefore that it is not included within the terms of Code, 21-6-2. For that reason the judgment of the Circuit Court of Putnam County is affirmed.

*Affirmed.*