76 S.E.2d 248 (1953)
WEBB
v.
STATE COMPENSATION COM'R.
No. 10503.
Supreme Court of Appeals of West Virginia.
Submitted January 14, 1953.
Decided February 10, 1953.
Dissenting Opinion June 11, 1953.
*249 Meadows & Wilson, Beckley, for appellant.
Mahan, White & Higgins, Fayetteville, for appellee.
GIVEN, Judge.
In this appeal from an order of the Workmen's Compensation Appeal Board, denying benefits to a dependent claimant, we have for determination a question as to whether a widow of an employee, who was granted an award for silicosis in the third stage, under the 1945 Act of the Legislature, Chapter 131, the employee not having died until after the effective date of the 1949 Amendment to that Act, may recover benefits, notwithstanding the employee did not suffer from silicosis in the third stage, as defined by that Act. Before an award could have been made for silicosis, in the third stage, under the 1945 Act, it was necessary that the commissioner find that the employee was suffering from silicosis, and that the disease of silicosis be accompanied "by active tuberculosis of the lungs". The requirement that silicosis be accompanied by tuberculosis was eliminated by the 1949 Amendment.
In the instant case the employee was awarded benefits on the 8th day of August, 1947, for silicosis in the third stage, and received benefits thereunder until the time of his death, April 3, 1951. The Silicosis Medical Board determined that the employee was suffering from "advanced silicosis with super-imposed tuberculosis." The commissioner confirmed that finding and "awarded compensation on a total permanent disability basis for silicosis in its third stage * * *." Subsequent to the filing of the widow's claim, an autopsy was performed upon the body of the employee. The findings of the pathologist who performed the autopsy established that the employee died of advanced silicosis, unaccompanied by tuberculosis. The widow was denied dependent benefits on the theory that the 1945 Act controlled the granting thereof, and that the Act permitted the payment of such benefits only in the event the employee died of silicosis accompanied by tuberculosis.
The pertinent language of the 1945 Act reads: "* * * (d) If the employee dies from silicosis within six years from the date of his last injurious exposure to silicon dioxide dust in harmful quantities and the commissioner determines that he was suffering from silicosis in the third stage, the benefits shall be in the amounts and to the persons provided for in section ten of this article; as to such benefits sections eleven to fourteen, inclusive, of this article shall apply."
The pertinent language of the 1949 Amendment, Chapter 136, now part of Code, 23-4-6a, reads: "* * * (d) If the employee dies from silicosis within six years from the date of his last injurious exposure to silicon dioxide dust in harmful quantities and the commissioner has determined at the time of the original award that he was suffering from silicosis in the third stage, the benefits shall be in the amounts and to the persons provided for in section ten of this article; as to such benefits sections eleven to fourteen inclusive, of this article shall apply."
It will be noticed that the language used in the 1945 Act and the 1949 Amendment is the same, except that the amendment substitutes the words "and the commissioner has determined at the time of the original award that he [the employee] was suffering from silicosis in the third stage", for the words "and the commissioner determines that he [the employee] was suffering from silicosis in the third stage". The change in the wording effected by the amendment is, we think, very significant. By the 1945 Act the commissioner, in the consideration of the claim of a dependent, was authorized to determine whether the employee had suffered silicosis in the third stage, while under the 1949 Amendment the question to be determined by the commissioner is whether there was a finding of third stage silicosis "at the time of the original award". The change effected by the amendment precludes the relitigation of the question, in a proceeding of a dependent claimant, as to whether the employee suffered silicosis in the third stage. No new right or claim is created by the amendment.
*250 The employer is merely prevented from relitigating a question which was, in a proper proceeding, previously decided against him.
Appellee contends, however, that to permit recovery by claimant would amount to giving retrospective effect to the amendment, and that the statute in effect at the time of the injury to the employee controls the right of a dependent claimant. Reliance is had upon Hardin v. Workmen's Compensation Appeal Board, 118 W.Va. 198, 189 S.E. 670; Greer v. Workmen's Compensation Commissioner, 123 W.Va. 270, 15 S.E. 2d 175; Lester v. State Compensation Commissioner, 123 W.Va. 516, 16 S.E.2d 920; and Consentina v. State Compensation Commissioner, 127 W.Va. 67, 31 S.E.2d 499. In the Hardin case, at the time of the injury to the employee, a statute permitted payment of benefits to dependents only in the event the employee died within one year after the injury. An amendment to the statute, which became effective before the employee died, but more than one year after the date of injury, permitted the payment of dependent benefits if death of the employee resulted within the period of six years from the date of the injury. In the Hardin case the time in which the dependent could have claimed benefits under the statute in force at the time of the injury had expired before the amendment became effective. To have permitted recovery by the dependent would have, in effect, permitted recovery as to a right which accrued before the enactment of the statute under which recovery was sought, and which had been barred by the statute previously in force.
Admittedly, broad language used in the Hardin case, and other cases relied upon by appellee, lends support to the position of appellee. We think, however, that the actual holdings of such cases amount to no more than the application of the well recognized rule relating to construction of statutory provisions to the effect that "words of a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them or unless the intention of the legislature cannot be otherwise defined." 17 M.J., Statutes, Section 73. Applying the rule in the instant case, we can find no logical reasoning which would indicate an intention on the part of the Legislature to limit the application of the 1949 Amendment to claims arising subsequent to its effective date. Had the Legislature so intended it would not have used such words as "commissioner has determined at the time of the original award" in the amendment. Moreover, should the construction contended for by appellee be given the amendment, no change whatever in the 1945 Act would have been effected by the amendment. The procedure contended for by appellee was clearly authorized by the 1945 Act.
In Gibson v. State Compensation Commissioner, 127 W.Va. 97, 31 S.E.2d 555, the employee had been denied compensation "on the basis that no partial permanent disability had resulted from the injury received by decedent". In considering claims of dependents, this Court held, in Point 1, syllabus, "A claim for death benefits, provided for by Code, 23-4-10, is separate and distinct from an injured employee's claim for disability benefits"; and in Point 2, syllabus, "Where an employee, injured in the course of his employment, is denied compensation during his lifetime on the ground that disability is not the result of said injury, the State Compensation Commissioner has jurisdiction to consider a claim, timely filed, for death benefits after the death of the employee and may determine whether the personal injury received by the employee caused his death."
We think the principle applied in the Gibson case controls in the instant case. The claim being separate and distinct from the claim of the employee, and not having been barred by any statute, and no accrued or vested rights being affected, recovery should be allowed.
Reversed and remanded.
BROWNING, Judge (dissenting).
It is not possible for me to concur in the result reached by the majority of the Court in this case, nor to reconcile my views with those presented in its opinion.
The appellant would not have been entitled to compensation benefits under the *251 provisions of the 1945 Act because the evidence is undisputed that her husband's death was not due to third stage silicosis as defined in that Act. Her husband died of silicosis which, under the provisions of the 1949 Amendment amounted to silicosis in the third stage, and would have made her eligible as a dependent widow. Therefore, I cannot escape the conclusion that retrospective effect has been given to the 1949 Amendment by the majority decision.
The quotation from 17 M.J., Statutes, § 73, in the majority opinion, I believe correctly states the rule in question. "* * * words of a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them or unless the intention of the legislature cannot be otherwise defined. * * *"
The decisions of this Court are completely in harmony with that statement, and there are several cases specifically applying the rule to Workmen's Compensation Acts. In Hardin v. Workmen's Compensation Appeal Board, 118 W.Va. 198, 189 S.E. 670, it was held that: "In case of an injury resulting in the death of an employee, the statute governing compensation to the dependents of the deceased, in effect at the date of the original injury, controls the award, and not the statute in force at the date of the death of the employee." Lester v. State Compensation Commissioner, 123 W.Va. 516, 16 S.E.2d 920; Lancaster v. State Compensation Commissioner, 125 W. Va. 190, 23 S.E.2d 601; and many other decisions of this Court are to the same effect.
Schneider on Workmen's Compensation Law, a recognized authority on the subject, says in Volume 2, Section 577, that: "Amendments to the compensation acts which affect the procedure only, and in no way interfere with the substantial rights of the parties, are retroactive in their operation and apply to cases which arose prior to the amendment. But where the amendment affects the substantive rights of the parties it has no retroactive effect. Thus questions of dependency are to be determined by the law in force at the time of the accident and not by the law as subsequently amended."
The majority opinion gives retrospective effect to the 1949 Amendment apparently because of these words contained therein: "and the commissioner has determined at the time of the original award that he was suffering from silicosis in the third stage"; whereas the following language was used in the 1945 Act: "and the commissioner determines that he was suffering from silicosis in the third stage".
It is my opinion that this difference in language had reference to the eligibility of applicants for silicosis benefits subsequent to the effective date of the 1949 Amendment. If the Legislature had intended that the provisions of the 1949 Amendments, this being only one of several, should operate retrospectively, the legislative language used would certainly have expressed such an intent in a more effective manner. The law is well settled in this jurisdiction, and elsewhere, that no statute can be applied to operate retrospectively unless the intention of the Legislature to so apply it is evidenced by clear and unambiguous language. "The presumption is that a statute is intended to operate prospectively and not retrospectively [and this presumption prevails] in the absence of clear, strong and imperative words to show the legislative intent to give it retroactive force and effect." State ex rel. Conley v. Pennybacker, 131 W.Va. 442, 48 S.E.2d 9, 11.
It is, I believe, reasonably clear that the Legislature intended, by the 1949 Amendment, which is now a part of Code, 23-4-6a, as heretofore stated, to change the status of claimants for silicosis benefits subsequent to the effective date of the Amendment. Perhaps it found that the provisions in the 1945 Act, to the effect that a deceased employee must not only die from silicosis, but have an accompanying active tuberculosis before his dependents would be eligible for benefits, were too harsh. After the Amendment, the widow and children of one who died from silicosis in the third stage would receive benefits even though there was no accompanying tuberculosis. However, it was further provided that the deceased *252 person's dependents would not be eligible for benefits, although the employee had died from silicosis in the third stage, unless in his lifetime the commissioner had determined that he was suffering from silicosis in the third stage. In other words, by this Amendment, some persons were made eligible for compensation benefits who had not theretofore been eligible, and possibly some might subsequent thereto be denied benefits who would have, prior to the 1949 Amendment, been eligible. For example, after the 1949 Amendment, it would appear that if an employee died from silicosis, complicated let us say by active tuberculosis, while his examination for benefits was pending, and before the commissioner had acted upon it, his dependents would be denied compensation.
It is not my purpose to go into detail in attempting to interpret the 1949 Amendment for any purpose other than to point out the fact that the different language used in the 1949 Amendment from that found in the 1945 Act was, in my opinion, an effort to change the rights of prospective claimants to silicosis benefits, and not for the purpose of making the provisions of the Amendment apply retrospectively. Neither is it my intention to attempt to decide in advance all of the cases that may arise under the 1949 Amendment. Sufficient unto the day are the complexities thereof without adding thereto the hypothetical and supposititious intricacies of the future.
The fact that the State Compensation Commissioner made an award of compensation to the deceased husband of the appellant in his lifetime, based upon an erroneous medical diagnosis, does not preclude him from denying benefits to the deceased's widow after determining from a post mortem examination that his original order was erroneous. "A claim for death benefits, provided for by Code, 23-4-10, is separate and distinct from an injured employee's claim for disability benefits." Gibson v. State Compensation Commissioner, 127 W.Va. 97, 31 S.E.2d 555. It was specifically held in that case that the denial of an employee's claim for compensation in his lifetime, upon the ground that his disability was not the result of his injury, did not bar the application and consideration of a dependent's claim for compensation subsequent to his death. If this rule is applicable as applied in the Gibson case to permit dependents to receive compensation in a proper case, it should also apply in reverse where the law and the facts justify a contrary conclusion.
There can be no question as to whether the provisions of the 1949 Amendment were procedural or substantive. As heretofore stated, after its effective date, it made certain persons eligible for compensation benefits who had not theretofore been eligible, and possibly made some ineligible who would theretofore have been awarded compensation. A legislative amendment which provides for the granting of compensation benefits to a claimant widow for the remainder of her life upon substantial monthly payments, the granting of benefits to children under a certain age, and requiring the employer of the deceased employee to make payments into the fund therefor, is about as substantial as any change that could be made in the Workmen's Compensation Law. If the Legislature, at its 1949 Session, had made no changes in the Workmen's Compensation Law, it is clear, I think, that the appellant would have no right to benefits, inasmuch as it has been shown, and is not contradicted, that the death of her husband did not meet the requirements of the 1945 Act in that he did not die from the disease of silicosis, accompanied by active tuberculosis. Therefore, the award to her must be based upon the 1949 Amendment which very substantially changes the rights of the parties when retroactively applied.
The Hardin case and others state that the statute governing compensation to dependents of deceased persons in effect at the date of the original injury controls the award. In a silicosis case, there is no specific "injury" similar to that which occurs in industrial accidents. There is no isolated fortuitous event in the acquisition of the disease of silicosis comparable to an injury which occurs in an industrial accident. The language used by the Legislature in the sections dealing with silicosis would indicate *253 that the comparable event is the date of the last exposure to silicon dioxide dust in harmful quantities. However they may be, all the events which might be compared to it occurred long before the effective date of the 1949 Amendment. The deceased husband of the appellant was granted benefits on August 8, 1947, almost two years prior to the effective date of the 1949 Amendment, and, of necessity, the date of his last exposure to silicon dioxide dust must have been prior to that date.
For the reasons stated herein, I respectfully dissent from the decision of the majority of this Court, and would affirm the rulings of the Workmen's Compensation Appeal Board and the State Compensation Commissioner.