STATE OF WEST VIRGINIA

*v.*

PAUL R. CHITTESTER

(CC 809)

Submitted January 13, 1954.    Decided February 9, 1954.

*John G. Fox,* Attorney General, *Virginia Mae Brown,* Assistant Attorney General, for plaintiff.

*Hardin R. Harmer,* for defendant.

BROWNING, JUDGE:

The defendant, Paul R. Chittester, is the owner of a truck having three axles: The distance between the first and second axles is thirteen feet, and the second and third axles four feet, making the overall distance between the first and third axles seventeen feet. He was indicted by the grand jury attending the November, 1951 Term of the Criminal Court of Harrison County for knowingly and unlawfully permitting said truck to be operated on the highways of this state with a gross weight of 34,450 pounds on the second and third axles.

A special plea was filed to the indictment, setting forth that the permissible load per axle is 18,000 pounds; that the permissible and legal load upon the second and third axles is 36,000 pounds, plus a tolerance of 5%; that the permissible and legal load for the overall wheel base of seventeen feet is 41,160 pounds; and that the operation of the truck at the time and place alleged in the indictment was in accordance with the laws of this State. The State demurred to the special plea on the grounds that it contravened the provisions of Chapter 17C of Chapter 129, Acts of the Legislature, Regular Session, 1951.

The demurrer was sustained, and the question certified to the Circuit Court of Harrison County, which affirmed

the Criminal Court's ruling, and, upon joint motion of the parties, the question was certified to this Court.

Chapter 17C, Article 17, Secs. 8 & 9, of Chapter 129, Acts of the Legislature, Regular Session, 1951, provide:

§8: "Single-axle Load Limit—(a) The gross weight imposed on the highway by the wheels of any one axle of a vehicle shall not exceed eighteen thousand pounds.

"(b) For the purpose of this article an axle load shall be defined as the total load transmitted to the road by all wheels whose centers are included between two parallel transverse vertical planes forty inches apart, extending across the full width of the vehicle."

§9: "Gross Weight of Vehicles and Loads—(a) It shall be unlawful for any owner, lessee or borrower to operate any vehicle or combination of vehicles of a gross weight in excess of the gross weight for which such vehicle or combination of vehicles is registered or in excess of the limitation set forth in this chapter.

"(b) Subject to the limit upon the weight imposed upon the highway through any one axle as set forth in section eight of this article the total gross weight with load imposed upon the highway by any one group of two or more consecutive axles of a vehicle or combination of vehicles shall not exceed the gross weight given for the respective distance between the first and last axle of the total group of axles measured longitudinally to the nearest foot as set forth in the following table:

| "Distance in feet between first and last axles of group | Maximum loads in pounds on group of axles |
|---|---|
| 4 | 32,000 |
| 5 | 32,000 |
| 6 | 32,000 |
| 7 | 32,000 |

| | |
|---|---|
| 8 | 32,610 |
| 9 | 33,580 |
| 10 | 34,550 |
| 11 | 35,510 |
| 12 | 36,470 |
| 13 | 37,420 |
| 14 | 38,360 |
| 15 | 39,300 |
| 16 | 40,230 |
| 17 | 41,160 |

\* \* \*

"Provided, that in no event shall the gross weight of any vehicle, including its load, exceed sixty thousand eight hundred pounds."

The defendant maintains that the words "total group of axles", as used in Subsection (b) of § 9, mean all three axles of the vehicle, and since the distance from the first axle to the last is seventeen feet, the maximum legal load which such vehicle may carry is 41,160 pounds. The State contends that these words contained in Subsection (b), "any one group of two or more consecutive axles", limits the word "total" to mean the total number of axles in any one group, and, therefore, refers only to the two rear axles in the present case. While the language used in Subsection (b) might have been more explicit, we believe that the statute is clear and unambiguous, and the legislative intent is plain. In such case, the duty of the Court is not to construe, but to apply the statute. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning. In the case of such unambiguity, it is the established policy of the courts to regard the statute as meaning what it says, and to avoid giving it any other construction than that which its words demand. The plain and obvious meaning of the language used is not only the safest guide to follow in construing it, but it has been presumed conclusively that the clear and explicit terms of a statute expresses the legislative

intention, so that such plain and obvious provisions must control. A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself, and any attempt to make it clearer is a vain labor and tends only to obscurity." 50 Am. Jur., Statutes, § 225; *Hereford* v. *Meek*, 132 W. Va. 373, 52 S. E. 2d 740; *State* v. *Epperly*, 135 W. Va. 877, 65 S. E. 2d 488. This principle of law is, of course, well established, and numerous cases to the same effect are cited in the opinions in the *Meek* and *Epperly* cases.

The primary purpose for the adoption by the Legislature of this State of the Motor Vehicle Code was the protection of the public highways, and the promotion of safety in their use. The amount of weight that may be borne on a vehicle containing only two axles is governed by the 18,000 pound limit on each axle. To give the statute the meaning which the defendant insists upon would render its provisions absurd. It would mean that a truck with a wheel base of four feet, that is, one in which the distance from the front axle to the rear axle is four feet, could legally carry a maximum load of 32,000 pounds. It is obvious that the Legislature, by the language used, had no such intention, and, if not, then the words "distance between the first and last axle of the total group" clearly meant the total number of axles in any one group, not the total number of axles on the vehicle. While the defendant's vehicle had three axles, it had only one "group of axles", that being the two rear axles. The maximum load that could be borne by the two rear axles of defendant's vehicle, therefore, they being only four feet apart, was 32,000 pounds, plus a tolerance of 5%, as provided by Chapter 17C, Article 17, Section 14 of Chapter 129, Acts of the Legislature, Regular Session, 1951, or a total of 33,600 pounds.

The ruling of the Criminal and Circuit Courts of Harrison County in sustaining the demurrer of the State to the defendant's special plea is affirmed.

*Ruling affirmed.*