82 S.E.2d 179 (1954)
LANE
v.
BOARD OF TRUSTEES OF EMPLOYEES' RETIREMENT AND BENEFIT FUND, etc.
No. 10642.
Supreme Court of Appeals of West Virginia.
Submitted April 27, 1954.
Decided May 25, 1954.
Rehearing Denied September 10, 1954.
*180 Charles P. Mead, Carl G. Bachmann, Wheeling, for plaintiff in error.
McCamic & Tinker, Jay T. McCamic, Wheeling, for defendant in error.
GIVEN, President.
Margaret H. Lane, widow of Howard C. Lane, filed her petition in the Circuit Court of Ohio County praying for a writ of mandamus, compelling the respondent, The Board of Trustees of the Employees' Retirement and Benefit Fund of the City of Wheeling, West Virginia, to award her monthly benefits allegedly due under the provisions of Chapter 114, Acts of the Legislature, Regular Session, 1947, as amended by Chapter 92, Acts of the Legislature, Regular Session, 1949. The Council of the City of Wheeling, by an ordinance passed November 18, 1947, adopted in toto the provisions of Chapter 114 of the 1947 Acts, making the effective date thereof January 1, 1948.
Chapter 114, Acts of the Legislature, Regular Session, 1947, provided in part:
"Sec. 4. Employees Eligible for Participation in Fund.
* * * * * *
"All employees eligible for participation at the effective date of the fund shall become members of the fund, * * *: Provided, That no member shall be entitled to any benefits under the fund until he has been in the employ of the municipality for at least five years after the effective date of the fund, except those who are disabled in the performance of their duties may participate in the fund in the manner hereinafter provided.
* * * * * *
"Sec. 6. Retirement Age and Benefits.After the effective date of the fund any member of the fund who has had at least twenty-three years service and has reached the age of sixty may at his option retire from the service of the city upon a retirement payment as hereinafter provided.
"Retirement for all members of the fund shall be compulsory at the age of sixty-five, * * *.
* * * * * *
"A member with at least ten years of earned service credits, who has reached the retirement age or who has become so physically or mentally disabled as to render him unfit for the performance of the duties * * * shall upon retirement be paid according to the following table: * * *.
* * * * * *
"Sec. 8. Death Benefits.(1) A member who dies after he has had ten or more years total service credits shall be entitled, for a period not to exceed ten years, to a retirement payment in accordance to the table contained in section two [Section 6] of this article. The payments shall be made to the person having an insurable interest in his life, as he shall nominate to the board."
Chapter 92, Acts of the Legislature, Regular Session, 1949, amended Section 4 to read as follows:
"Sec. 4. Employees Eligible for Participation in Fund.
* * * * * *
"All employees eligible for participation at the effective date of the fund shall become members of the fund, * * *: Provided, That no member who has complied with section six of this article shall be entitled to any benefits under the fund until he has been in the employ of the municipality for at least five years after the effective date of the fund, except those who are disabled in the performance of their duties may participate in the fund in the manner hereinafter provided: *181 Provided further, That the municipality with the approval of the trustees of said fund may retire any member prior to the expiration of said five years."
Howard C. Lane died August 8, 1950, at the age of 61 years, 11 months, while still actively employed by the City of Wheeling. As of that date, he had prior service credits of 20 years, and earned service credits of 2 years, 7 months and 9 days, or total service credits of 22 years, 7 months and 9 days. During his lifetime he had been instrumental in obtaining the legislation authorizing the establishment of such retirement and benefit fund and had served on the Board of Trustees from its inception until his death. It is shown by the record that, though the Board of Trustees had sought complete elimination of the five year waiting period, they construed the 1949 Amendment as still imposing such limitation, and, upon the death of any member of the fund during such period, their practice has been to refund the amount of the decedent's contributions to his estate.
The Circuit Court of Ohio County awarded the writ as prayed for on July 16, 1953, to which judgment this Court granted a writ of error on November 2, 1953.
The sole issue to be determined is the meaning to be given to the following words which were added to the first proviso to Section 4, by the 1949 Amendment: "who has complied with section 6 of this article". It was clear under the 1947 Act that all persons were excluded from retirement and death benefits unless the employee had been in the employment of the municipality for at least five years after the effective date of the fund, except those disabled while in the performance of their duties. The relator, widow of the deceased employee Lane, was entitled to benefits unless excluded by the five year waiting period. If effect is to be given to the contention of the respondent that no change was made by the addition of the words above quoted in the 1949 Amendment, it must be assumed that the Legislature chose to employ that language without intent or purpose.
In State ex rel. Ballard v. Vest, 136 W.Va. 80, 65 S.E.2d 649, 653, this Court said: "We cannot assume in the absence of wording clearly indicating contrariwise that the Legislature would use words which are unnecessary, and use them in such a way as to obscure, rather than clarify, the purposes which it had in mind in the enactment of the statute." The new language clearly limits the application of the five year period to those who have "complied with section 6 of this article", and, inasmuch as Section 6 has reference only to those receiving retirement benefits, and not to those persons receiving death benefits under Section 8, this Court holds that the language of the statute is free from ambiguity, its meaning plain, and it is to be applied without resorting to the rules of interpretation.
This Court said in State ex rel. Mountain Fuel Co. v. Trent, W.Va., 77 S.E.2d 608, 611, that: "Courts have nothing to do with the motives or wisdom of legislation, and where the language of the statute is free from ambiguity and the intent is plain, there is no occasion for interpretation by a court. `Where a law is expressed in plain and unambiguous terms, whether those terms are general or limited, the legislature should be intended to mean what they have plainly expressed and consequently no room is left for construction. In such case courts must be governed by the language and should never attempt to read into a provision a meaning not intended. And where any clause of a statute is free from ambiguity, it is not admissible to go out of that clause and search in the act at large for provisions which might tend to render ambiguous the plain terms of the clause under interpretation.'" 17 M.J., Statutes, 34; Raynes v. Nitro Pencil Co., 132 W.Va. 417, 52 S.E.2d 248; Baird-Gatzmer Corp. v. Henry Clay Coal Mining Co., 131 W.Va. 793, 50 S.E.2d 673; State v. Conley, 118 W.Va. 508, 190 S.E. 908.
*182 The relator, being a person having an insurable interest in the life of the deceased, and the latter having had more than ten years total service credits at the time of his death, was entitled to the relief prayed for, inasmuch as she was not, after the 1949 Amendment, subject to the five year waiting period.
The judgment of the Circuit Court of Ohio County, awarding the writ of mandamus as prayed for, is affirmed.
Judgment affirmed.
BROWNING, Judge (dissenting).
I respectfully dissent from the decision of the Court in this case. It is my opinion that the addition of the words "who has complied with Section 6 of this Article", to the first proviso of Section 4 by the 1949 Amendment, was not intended to have the far reaching effect attributed to them by this Court.
The employees retirement and benefit fund legislation, first enacted at the Regular Session of the Legislature, 1947, was applicable to all cities of this State with a population of more than 15,000. These cities were authorized, but not required, to establish such funds. Any change that was made by Acts of the Legislature, 1949, was applicable, not only to the Wheeling fund, but to all others.
Section 6 contains a table providing for the sums to be paid to an employee upon retirement conditioned upon the number of years that he had been in the employment of the city. For example, with twentythree years of "total service credits," he would be entitled to retirement payments based upon fifty per cent of his average salary for his last fifteen years of service. The minimum service for retirement required "Ten years of total service credits," and retirement payments would be based upon twenty-five per cent of average salary for the term of service. Under Section 8, death benefits would not be payable unless the deceased employee had had ten or more years total service credits at the time of his death. If it had been the intention of the Legislature to remove the five year waiting period from those entitled to death benefits, while retaining it as to those entitled to retirement benefits, it certainly would have been done by language other than the vague and indefinite phrase "who has complied with section 6 of this article".
It must be noted that there was a further proviso added to Section 4 by the 1949 Amendment: "Provided further, That the municipality with the approval of the trustees of said fund may retire any member prior to the expiration of said five years." That language, standing alone, would have provided for a violent change in the Act, the entire table contained in Section 6 would have become useless, prior service would have meant nothing, and such funds would have been placed in a most precarious position as to solvency. Without some restrictive language, the last quoted proviso would have permitted a municipality, with the approval of the trustees of the fund, to employ an individual one day and place him on retirement the next day. I would interpret the words, "who has complied with section 6 of this article", as being a restraint upon the new proviso so that no employee, even with the consent of the municipality and the approval of the trustees of the board, would be eligible for retirement and participation in the fund until he had complied with Section 6 by earning at least a minimum of ten years of total service credits. These were the only changes made in the original Act by the 1949 Amendment, and, inasmuch as both changes were contained in provisos to Section 4, it must be presumed that they had some relationship to each other, in the absence of unambiguous language to the contrary.
While the Court has applied the language of this statute, rendering the testimony relative to the construction given to it by the board of trustees of the fund who had the duty of executing it as immaterial and irrelevant, it is interesting to note that the board consistently refused to award death benefits prior and subsequent to the 1949 Amendment. Ironically, the husband of the relator was a member of that board, and *183 one of the sponsors of the legislation. Perhaps the contemporaneous construction of the statute by the members of the board, charged with the duty of enforcing it, has not been recognized and acquiesced in over a sufficient period of time to lend credence to it. Assuming that to be true, I would reach the same result by interpretation of the Amendment to the first proviso to Section 4 in the manner heretofore stated.
I would reverse the judgment of the Circuit Court of Ohio County and discharge the writ of mandamus.