Mrs. Charles M. Terry,
Widow of Charles M. Terry

*v.*

State Compensation Commissioner
*and*
Pocahontas Fuel Company, Inc.

(No. 12201)

Submitted January 9, 1963.    Decided February 12, 1963.

*R. L. Theibert,* for appellant.

*Crockett, Tutwiler & Crockett, Charles A. Tutwiler,* for appellee.

HAYMOND, JUDGE:

This is an appeal by the widow of Charles M. Terry from an order entered by the Workmen's Compensation Appeal Board November 5, 1962, which reversed an order of the State Compensation Commissioner entered July 12, 1962, by which the claimant, as the widow of an employee who died from silicosis, was awarded the benefits provided by statute for herself and the children of her deceased husband.

The material facts are not disputed and the question presented for decision is a question of law.

Charles M. Terry, having contracted the disease of silicosis while employed by the Pocahontas Fuel Company, filed his claim for silicosis benefits during his lifetime. He was last exposed to silicon dioxide dust in harmful quantities on August 18, 1953, and he filed his application for benefits on September 16, 1953.

The Silicosis Medical Board examined him on February 2, 1954, and found him to be suffering from silicosis in the second stage and that, though he was totally disabled, his

disability was not due entirely to silicosis. These findings were not protested and the commissioner, by order entered March 1, 1954, granted the employee an award of two thousand dollars for second stage silicosis. He did not object to or appeal from that order but accepted and was paid the second stage silicosis award of two thousand dollars. There was no determination by the commissioner at the time of the original award that the employee was suffering from silicosis in the third stage, although it subsequently appeared in connection with the claim of his widow that he had, and that his death on October 20, 1955, resulted from, silicosis in the third stage.

The claimant filed her application for benefits for herself and the four children of the deceased employee on March 3, 1956, which was within one year of his death and within six years of his last injurious exposure to silicon dioxide dust in harmful quantities. After an autopsy and medical testimony which disclosed that the employee was suffering from silicosis in the third stage at the time he received the award for silicosis in the second stage and that he had died from silicosis in the third stage, the commissioner by his order of July 12, 1962, awarded the benefits provided by the applicable statute to the widow and the four children of the deceased employee. From the order of the appeal board which reversed the order of the commissioner and held the claim of the widow and the children to be not compensable, this Court granted this appeal upon the application of the widow.

Section 6a, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, designated as Section 6a, Article 4, Chapter 23, Michie's West Virginia Code of 1955, Annotated, to the extent here pertinent, provided that "If the employee dies from silicosis within six years from the date of his last injurious exposure to silicon dioxide dust in harmful quantities and the commissioner has determined at the time of the original award that he was suffering from silicosis in the third stage, the benefits shall be in the amounts and to the persons provided for in section ten of this article;".

Section 10, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, as amended by Section 10, Article 4, Chapter 179, Acts of the Legislature, 1953, Regular Session, designated as Section 10, Article 4, Chapter 23, Michie's West Virginia Code of 1955, Annotated, to the extent here pertinent, provided that if death of an employee "results from determined third stage silicosis * * * within six years from the date of the last exposure to the hazard of silicon dioxide dust" the payment to a dependent widow shall be sixty dollars a month until death or remarriage of such widow and in addition fifteen dollars for each child under eighteen years of age.

Inasmuch as the last injurious exposure of the employee to silicon dioxide dust in harmful quantities on August 18, 1953, the filing of his application for benefits on September 16, 1953, the award for second stage silicosis on March 1, 1954, the death of the employee on October 20, 1955, and the filing of the application by the widow for benefits on March 3, 1956, all occurred while Section 6a, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, was in effect, the above quoted provisions of that section which prescribed the conditions to be satisfied by a dependent widow to entitle her to the benefits provided by Section 10, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, as amended by Section 10, Article 4, Chapter 179, Acts of the Legislature, 1953, Regular Session, apply to and control the decision of her claim in this proceeding. Neither the provisions of the prior statute, Section 6a, Article 4, Chapter 131, Acts of the Legislature, 1945, Regular Session, that "If the employee dies from silicosis within six years from the date of his last injurious exposure to silicon dioxide dust in harmful quantities and the commissioner determines that he was suffering from silicosis in the third stage, the benefits shall be in the amounts and to the persons provided for in section ten of this article;" nor the provisions of the later and present statute, Section 6a, Article 4, Chapter 160, Acts of the Legislature, 1961, Regular Session, that "If the employee dies from silicosis within six years from the date of his last injurious exposure to silicon dioxide dust in harmful quantities, the benefits shall be in the amounts

and to the persons provided for in section ten of this article;" apply to or control the decision in this proceeding. It is significant that the quoted provisions of the former statute and of the present statute omit the express requirement of the section of the 1949 statute that the commissioner has determined "at the time of the original award" that the employee was suffering from silicosis in the third stage.

Under the pertinent provisions of the 1945 statute the determination of the commissioner that the employee was suffering from silicosis in the third stage was not expressly required to be made at the time of the original award to the employee and for that reason such determination could have been made in that proceeding or in the proceeding by the widow for the benefits provided by the statute. *Acree* v. *State Compensation Commissioner*, 146 W. Va. 654, 122 S. E. 2d 291. The current statute contains no provision for the determination by the commissioner that the employee is suffering from any designated stage of the disease, and the only matter to be determined is that the employee died from silicosis within six years from the date of his last injurious exposure to silicon dioxide dust in harmful quantities.

Section 6a of the 1949 statute however imposes the express requirement that the commissioner must determine, at the time of the original award, that the employee was suffering from silicosis in the third stage. This requirement can not be ignored by this Court. It is clear that by that provision of that statute the Legislature created, as conditions precedent to the allowance of benefits to the widow or widower and children of the deceased employee, that the employee should have died from silicosis within six years from the date of the last injurious exposure to silicon dioxide dust in harmful quantities and that the commissioner has determined at the time of the original award that the employee was suffering from silicosis in the third stage. The satisfaction of each of these requirements is essential to the allowance of the claim of a dependent to the benefits provided by the statute. Only the six year requirement has been complied with in this instance. The Legislature alone has the power and the authority to provide benefits for the

dependents of a deceased employee. In providng for such benefits it may impose the conditions upon which they may be allowed and whatever conditions it imposes must be satisfied before an allowance may be made.

The claimant contends that her claim is separate and distinct from that in which the employee, her husband, claimed and was awarded compensation for silicosis in the second stage in his lifetime and that when properly and liberally construed the statutory provision that the commissioner has determined at the time of the original award that the employee was suffering from silicosis in the third stage relates to the determination that the employee was suffering from silicosis in the third stage in the subsequent proceeding in which the dependent widow seeks and is awarded the benefits provided by the statute.

It is true that the claim of the widow in this proceeding is separate and distinct from the claim of her husband. *Peak* v. *State Compensation Commissioner,* 141 W. Va. 453, 91 S. E. 2d 625; *Webb* v. *State Compensation Commissioner,* 138 W. Va. 21, 76 S. E. 2d 248; *Gibson* v. *State Compensation Commissioner,* 127 W. Va. 97, 31 S. E. 2d 555. The separate and distinct nature of the claim of the dependent, however, does not remove the claim from the operation of the 1949 statute or relieve such dependent from satisfying the express requirement that the commissioner must have determined at the time of the original award that the employee was suffering from silicosis in the third stage. *Acree* v. *State Compensation Commissioner,* 146 W. Va. 654, 122 S. E. 2d 291.

There is no merit to the contention that the original award mentioned in the 1949 statute means the award to the dependent in the proceeding by such dependent for the benefits provided by the statute. The provision that the commissioner "has determined at the time of the original award" that the employee was suffering from silicosis in the third stage is clear and free from ambiguity. This Court has repeatedly held that when a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such case it is the

duty of the courts not to construe but to apply the statute. *In re Hillcrest Memorial Gardens, Inc.,* 146 W. Va. 337, 119 S. E. 2d 753; *State ex rel. Lambert v. Carman,* 145 W. Va. 635, 116 S. E. 2d 265; *State v. Jackson,* 145 W. Va. 51, 112 S. E. 2d 452; *State v. General Morgan Post No. 548, Veterans of Foreign Wars of the United States,* 144 W. Va. 137, 107 S. E. 2d 353; *Medical Care, Inc. v. Chiropody Association of West Virginia,* 141 W. Va. 741, 93 S. E. 2d 38; *Lane v. Board of Trustees of Trustees of Employees' Retirement and Benefit Fund,* 139 W. Va. 878, 82 S. E. 2d 179; *State v. Abdella,* 139 W. Va. 428, 82 S. E. 2d 913; *State v. Chittester,* 139 W. Va. 268, 79 S. E. 2d 845; *State ex rel. Mountain Fuel Company v. Trent,* 138 W. Va. 737, 77 S. E. 2d 608; *Appalachian Electric Power Company v. Koontz,* 138 W. Va. 84, 76 S. E. 2d 863; *Douglass v. Koontz,* 137 W. Va. 345, 71 S. E. 2d 319; *State v. Epperly,* 135 W. Va. 877, 65 S. E. 2d 488; *Raynes v. Nitro Pencil Company,* 132 W. Va. 417, 52 S. E. 2d 248; *Hereford v. Meek,* 132 W. Va. 373, 52 S. E. 2d 740; *The Baird-Gatzmer Corporation v. Henry Clay Coal Mining Company,* 131 W. Va. 793, 50 S. E. 2d 673; *State ex rel. Department of Unemployment Compensation v. Continental Casualty Company,* 130 W. Va. 147, 42 S. E. 2d 820; *State ex rel. McLaughlin v. Morris,* 128 W. Va. 456, 37 S. E. 2d 85; *Barnhart v. State Compensation Commissioner,* 128 W. Va. 29, 35 S. E. 2d 686; *State v. Conley,* 118 W. Va. 508, 190 S. E. 908; *Pettry v. State Compensation Commissioner,* 111 W. Va. 409, 163 S. E. 16; *State v. Patachas,* 96 W. Va. 203, 122 S. E. 545; *State v. Crawford,* 83 W. Va. 556, 98 S. E. 615; 50 Am. Jur., Statutes, Section 225. Whether a plain and unambiguous statutory provision which imposes the requirement that the commissioner "has determined at the time of the original award" that the employee was suffering from silicosis in the third stage is wise and desirable or unwise and undesirable is a matter of legislative policy which is not subject to judicial determination. *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars of the United States,* 144 W. Va. 137, 107 S. E. 2d 353, and the cases cited in the opinion in that case.

That the foregoing provision relates to the award in connection with the claim of the employee and not to any later

award to the dependent is clearly recognized and definitely determined by the decision of this Court in *Webb v. State Compensation Commissioner*, 138 W. Va. 21, 76 S. E. 2d 248. In that case in comparing the particular provisions of the 1945 and 1949 statutes this Court said: "It will be noticed that the language used in the 1945 Act and the 1949 Amendment is the same, except that the amendment substitutes the words 'and the commissioner has determined at the time of the original award that he [the employee] was suffering from silicosis in the third stage', for the words 'and the commissioner determines that he [the employee] was suffering from silicosis in the third stage'. The change in the wording effected by the amendment is, we think, very significant. By the 1945 Act the commissioner, in the consideration of the claim of a dependent, was authorized to determine whether the employee had suffered silicosis in the third stage, while under the 1949 Amendment the question to be determined by the commissioner is whether there was a finding of third stage silicosis 'at the time of the original award'. The change effected by the amendment precludes the relitigation of the question, in a proceeding of a dependent claimant, as to whether the employee suffered silicosis in the third stage. No new right or claim is created by the amendment. The employer is merely prevented from relitigating a question which was, in a proper proceeding, previously decided against him." Though not a party to the proceeding involving the claim of the employee, the dependent should, nevertheless, be prevented from relitigating the question of the stage of the silicosis from which the employee was suffering when the original award was made to the employee for the reason that the applicable statute expressly required that it should be determined by the commissioner in the proceeding involving the claim of the employee that the employee was suffering from silicosis in the third stage when the original award was made to the employee.

The decision in this proceeding is controlled and determined by the decision of this Court in the case of *Acree v. State Compensation Commissioner*, 146 W. Va. 654, 122 S. E. 2d 291. Though the facts in the two cases are different in that in the *Acree* case the employee had, and was deter-

mined by the commissioner to be suffering from, silicosis in the first stage, whereas the employee here under consideration, though determined by the commissioner to be suffering from silicosis in the second stage when awarded compensation for silicosis, was later found to have died from silicosis in the third stage, the requirement of the 1949 statute that the commissioner must determine at the time of the original award that the employee was suffering from silicosis in the third stage, recognized and applied in the *Acree* case, likewise applies to and governs the instant proceeding. With respect to the foregoing requirement of the 1949 statute, this Court, in the *Acree* case in point 2 of the syllabus, held that to entitle a dependent widow of an employee who dies from silicosis to Workmen's compensation benefits, it must be established that there was a finding by the state compensation commissioner of third stage silicosis at the time the original award was made to the employee. In that point of the syllabus this Court also explained and limited point 2 of the syllabus in *Peak* v. *State Compensation Commissioner*, 141 W. Va. 453, 91 S. E. 2d 625.

In the *Peak* case this Court held, two judges dissenting, one of whom is the writer of this opinion, that where an employee of a subscriber to the workmen's compensation fund dies of silicosis subsequent to the effective date of the 1949 statute the rights of a dependent widow for benefits were governed by the provisions of that statute, even though the last injurious exposure of the employee to silicon dioxide dust in harmful quantities occurred before the effective date of that enactment, and, in point 2 of the syllabus, held that a dependent widow of an employee of a subscriber to the workmen's compensation fund is not precluded from recovery of benefits for the reason that there was a determination that the employee was suffering from second stage silicosis at the time of the original award to the employee.

In explaining and limiting point 2 of the syllabus in the *Peak* case to situations controlled by the earlier 1945 statute, this Court used this language in its opinion in the *Acree* case, which is now adhered to and reaffirmed: "In the *Peak* case, as in the *Webb* case, the adjudication of the commis-

sioner as to the existing stage of silicosis was made prior to the effective date of the pertinent amendment of the statute, Chapter 136 of the 1949 Acts of the Legislature, which now requires that third stage silicosis be determined by the commissioner 'at the time of the original award', while the Act in effect prior to that amendment, Chapter 131 of the 1945 Acts, merely required that 'the commissioner determines' that the employee was suffering from silicosis in the third stage. Under the older statute, in the view of the majority in the *Webb* and *Peak* cases, at least, there existed no requirement that the finding of third stage by the commissioner was required to be made at the time of the original award, and, therefore, permitted such a finding after the filing of the claim of a dependent, in certain cases, at least, though the former adjudication amounted only to a determination of first or second stage silicosis. That conclusion was attempted to be pointed out in the *Webb* case, relied on in the *Peak* case. Nevertheless, language used in the *Peak* case may be viewed as having been intended to apply to the language of the 1949 Act, and any such language, or the holdings in that case, should be limited to situations controlled by the older Act. Under the 1949 Act, Michie's 1955 Code, 23-4-6a, as amended, the requirement that 'the commissioner has determined at the time of the original award that he [the employee] was suffering from silicosis in the third stage', must be met before dependent benefits may be awarded."

This Court now holds, by force of the express mandate of the clear and unambiguous statutory provision and regardless of any former holdings, but with reluctance because of the confusion created by its decisions in the *Webb, Peak* and *Acree* cases and because of the hardship sustained by the widow in this proceeding whose husband died as a result of silicosis in the third stage, that under the plain and unambiguous provision of Section 6a, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, before the dependent of an employee who dies from silicosis may be awarded the benefits provided by the statute it must be established that the commissioner determined, at the time the original award was made to the employee, that the em-

ployee was suffering from silicosis in the third stage. To the extent that the holdings of this Court in the *Webb* and *Peak* cases are inconsistent with its decision in the instant proceeding concerning the meaning and the effect of the provision of the 1949 statute that the commissioner must have determined at the time of the original award to the employee that the employee was suffering from silicosis in the third stage, such holdings in those cases are expressly disapproved.

For the reasons stated the order of the Workmen's Compensation Appeal Board entered November 5, 1962, reversing the order of the State Compensation Commissioner, entered July 12, 1962, and holding the claim of the widow for the benefits provided by the statute to be not compensable and dismissing such claim, is affirmed.

*Affirmed.*