76 S.E.2d 753 (1953)
HANEY
v.
STATE COMPENSATION COM'R et al.
No. 10548.
Supreme Court of Appeals of West Virginia.
Submitted April 14, 1953.
Decided May 19, 1953.
Dissenting Opinion July 30, 1953.
*754 Dayton, Campbell & Love, Charleston, for appellant.
Patrick J. Flanagan, Welch, for appellees.
GIVEN, Judge.
The State Compensation Commissioner granted claimant, Claude E. Haney, an eighty per cent permanent partial disability award, on the 6th day of February, 1947, which award was payable in three hundred and twenty weekly payments. Had the payments been made in the usual manner, the last payment would have been made on September 20, 1951. The claimant, however, on August 25, 1949, pursuant to the provisions of Code, 23-4-17, as amended, petitioned the commissioner for commutation of periodical benefits, and the commissioner awarded claimant a lump sum settlement, the amount of which was paid to him on September 30, 1949. On January 23, 1952, claimant petitioned the commissioner for a reopening of his claim. The commissioner reopened the claim and, after full hearing, granted claimant benefits for total and permanent disability. The Workmen's Compensation Appeal Board affirmed. The employer objected to the reopening of the claim, upon the theory that the petition for reopening had not been filed with the commissioner within one year from the date of the "last payment" made under the prior award, as required by Code, 23-4-16. It will be noticed that the petition for reopening was filed within one year from the date the "last payment" would have been made, had the periodical payments of the eighty per cent award been made in the usual course, but more than one year subsequent to the date of the payment of the amount of the lump sum settlement.
Code, 23-4-16, as amended, provides time limitations as to the filing of such petitions and, in so far as pertinent, reads: "The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: Provided, however, that no further award may be made in fatal cases arising after March seventh, one thousand nine hundred twenty-nine, except within two years after the death of the employee, or, in case of nonfatal injuries, on and after March seventh, one thousand nine hundred twenty-nine, except within three years after payments for temporary disability shall have ceased or within one year after the commissioner shall have made the last payment in any permanent disability case: * * *."
Section 39 of Chapter 10 of the Acts of the Legislature of 1913, the act creating the workmen's compensation fund, provided that "any employe or dependent", to be entitled to compensation under the act, *755 must file an application "in due form within six months from and after the date of injury or death, as the case may be. * *" The Acts of the Legislature of 1915, Regular Session, Chapter 9, Section 39, amended that provision so as to require that application be made "within six months from and after the date of injury or death, as the case may be, and all proofs of dependency in fatal cases must be filed with the commissioner within nine months from and after the date of death. * * *" The Acts of the Legislature of 1929, Regular Session, Chapter 71, Section 40, after providing that the jurisdiction of the commissioner should be continuing, inserted the following proviso: "* * * provided, no further award may be made except, within one year after death of employee in fatal cases, or, except in case of non-fatal injuries within two years after payments for temporary disability shall have ceased and within one year after the commissioner shall have made the last payment in any permanent disability case." The Acts of the Legislature of 1935, Regular Session, Chapter 78, Article 4, Section 16, amended the section, the only pertinent change being the extension of the time for filing petitions for reopening of non-fatal cases from two to three years "after payments for temporary disability shall have ceased". The section of the Code was again amended by Acts of the Legislature, in 1939, by Chapter 137, Article 4, Section 16; again in 1945, by Chapter 131, Article 4, Section 16; and again in 1949, by Chapter 136, Article 4, Section 16. Neither the Act of 1939, the Act of 1945, nor the Act of 1949, made any change in the time for the filing of petitions for reopening cases wherein permanent disability awards had been made.
From the course of this legislation, dealing with time limitations for filing petitions before the commissioner, as well as from the language used in the several acts, we think it definitely appears that the Legislature has intended, by the several acts, to provide limits as to the time for the filing of such petition in every type of case wherein a reopening may be had. It also appears that from the time of the enactment of the provision first restricting the time in which petitions could be filed, the Legislature has evinced an intention to liberalize or enlarge such time periods, rather than restrict or shorten them. In the Act of 1915 the time in which dependants could file petitions was increased from six months to nine months. In the 1929 Act the time for filing petitions for reopening of claims in fatal cases was fixed at one year, in non-fatal cases at two years, and in permanent disability payment cases at one year. The 1935 Act extended the time for filing such petitions in non-fatal cases from two years to three years.
Petitioner here argues that where periodical benefits are commuted, and payments therefor made to the employee in one sum, as provided in Code, 23-4-17, as amended, the time from which the one year limitation begins to run is the date of payment of that sum, not the date the last periodical payment would have been made had payments been made in the usual course. We think, however, that Code, 23-4-17, relating only to commutation of periodical benefits, does not have the effect of controlling the period of limitation, as contended for by petitioner, and that the one year limitation should begin as of the date that the last periodical payment would have been made had payments been made in the usual course. This, apparently, is the view taken by the State Compensation Commissioner and the Workmen's Compensation Appeal Board. We believe this view is necessitated by numerous holdings of this Court requiring construction of the provisions of the Act so that it will accord with the benign purposes thereof. See Pannell v. State Compensation Commissioner, 126 W. Va. 725, 30 S.E.2d 129; Poccardi v. Ott, Commissioner, 82 W.Va. 497, 96 S.E. 790. A holding to the contrary would, in cases where periodical payments are commuted, have the effect of shortening the period of time allowed the employee to reopen such a claim, shorten the time in which the employer could present evidence as to complete or maximum recovery, and place in the commissioner the power to fix a date for the commencement of the running of the time limitation. We think the Legislature intended no such results.
*756 No decision of this Court is cited, and we find none, discussing the precise point involved. Counsel for petitioner rely upon cases like Barnhart v. State Compensation Commissioner, 128 W.Va. 29, 35 S.E.2d 686; Holder v. State Compensation Commissioner, 112 W.Va. 637, 166 S.E. 365; and Long Flame Coal Company v. State Compensation Commissioner, 111 W.Va. 409, 163 S.E. 16, 17. The question involved in the Barnhart case related to the method of computing time, where an act is required to be performed within a certain period. We cannot see that the holding has any relation to the construction of the pertinent statute. The Holder case simply holds that "where timely action is mandatory under the statute", neglect of counsel will not excuse delay. The Long Flame Coal Company case points out that "where the death of the employee occurs more than one year from the date of injury", it is then immaterial whether the employee died one day or four years after expiration of the one year limitation, in determining whether the petition was timely filed.
Being of the opinion that the order of the Workmen's Compensation Appeal Board, affirming the holding of the State Compensation Commissioner, is correct, it must be affirmed.
Affirmed.
HAYMOND, President (dissenting).
In my opinion the conclusion reached by the majority of the Court in this proceeding places a distorted and totally unwarranted construction upon a statutory provision which is plain and unambiguous and is not subject to judicial interpretation; and for that reason I respectfully but emphatically dissent.
The sole question here involved is whether the one year period provided by Section 16, Article 4, Chapter 23, Code, 1931, as amended by Section 16, Article 4, Chapter 136, Acts of the Legislature, Regular Session, 1949, within which an injured employee who has previously been awarded permanent disability benefits may apply for an additional award, runs from the time of the payment of commuted periodical benefits to the employee in a lump sum or from the time the last weekly benefit under the award would have been payable if no previous lump sum payment had been made.
The pertinent part of the applicable statute, Section 16, Article 4, Chapter 23, Code, 1931, as amended, provides that "The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: Provided, however, That no further award may be made in fatal cases arising after March seventh, one thousand nine hundred twenty-nine, except within two years after the death of the employee, or, in case of non-fatal injuries, on and after March seventh, one thousand nine hundred twenty-nine, except within three years after payments for temporary disability shall have ceased or within one year after the commissioner shall have made the last payment in any permanent disability case: * * *." The statutory provision just quoted is clear and free from any ambiguity. It states that no further award may be made in case of non-fatal injuries, on or after March 7, 1929, "except * * * within one year after the commissioner shall have made the last payment in any permanent disability case"; and it seems crystal clear to me that this plain language means exactly what it expressly states. (Italics supplied.) The provision of the statute, being clear and unambiguous, should have been applied, not interpreted, by the Court.
When a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts. Pond Creek Pocahontas Company v. Alexander, W.Va., 74 S.E.2d 590; State v. Epperly, 135 W.Va. 877, 65 S.E.2d 488; Hereford v. Meek, 132 W.Va. 373, 52 S.E. 2d 740; State ex rel. Department of Unemployment Compensation v. Continental Casualty Company, 130 W.Va. 147, 42 S.E.2d 820; State ex rel. McLaughlin v. Morris, 128 W.Va. 456, 37 S.E.2d 85; State v. Patachas, 96 W.Va. 203, 122 S.E. 545; Kelley & Moyers v. Bowman, 68 W.Va. 49, 69 S.E. 456. If a statute is free from ambiguity *757 the duty of the court is not to construe but to apply the statute and, in so doing, the words of the statute should be given their ordinary acceptation and significance and the meaning commonly attributed to them. 50 Am.Jur., Statutes, Section 238; Pond Creek Pocahontas Company v. Alexander, W.Va., 74 S.E.2d 590; Wilson v. Hix, 136 W.Va. , 65 S.E.2d 717; State v. Epperly, 135 W.Va. 877, 65 S.E.2d 488.
By undertaking to interpret the statute the Court, in effect, rewrites the provision "within one year after the commissioner shall have made the last payment" and changes it in substance to "within one year after the last payment would have become due". In so doing the clearly expressed intent of the Legislature is defeated and the provision of the statute as enacted by the Legislature is emasculated. The difference between the provision of the statute in the form enacted by the Legislature and the provision as now interpreted by the majority is as distinct and farreaching as the difference between the payment of a debt and the occurrence of its maturity which, as every one knows, is often followed by failure to pay. If the Legislature had intended that the time within which an additional award of permanent disability could be made to an injured employee, who had previously been awarded permanent disability, should be one year after the last payment in any permanent disability case becomes due it could, and doubtless would, have so provided by apt and appropriate language. I am unwilling to sanction judicial action which by unwarranted construction changes a plain statutory provision which fixes one year from the time the last payment is made to a provision, not contained in the statute, which would instead fix the time within one year after the last payment becomes due. If the statute is to be so rewritten or amended that function should be performed by the Legislature and not by the courts.
In this case the claimant requested the commissioner to commute the periodic benefits, which would not have become due and payable in full until September 20, 1951, to a lump sum payment and before that date to pay him the amount so commuted. This the commissioner did and the benefits as commuted were paid to the claimant in one lump sum and by him accepted, on September 30, 1949. On that day the last payment of the award was made by the commissioner and under the clear provision of the statute the one year period in which any further award could be made began at that time and expired on September 30, 1950. Any application for a further award, under the statute, must have been made before September 30, 1950, and to permit an application to be made by the claimant on January 23, 1952, approximately twenty eight months after the last payment of the award was made on September 30, 1949, is simply to disregard and ignore the plain terms of the statute.
The reasoning by which the majority would justify its decision is, in my opinion, utterly unsound and completely unconvincing and appears to be based on two faulty premises. One premise is that the Legislature has from time to time, by certain amendments to the Workmen's Compensation statutes, enlarged the originally fixed limits of time within which a claimant for compensation benefits might invoke the various remedies provided by the statute. The other premise is that because of this attitude of the Legislature the well established rule that Workmen's Compensation statutes should be liberally construed applies. From the legislative history of these enlargements, recited in some detail in the majority opinion which, however, concedes that the one year limit has not been enlarged by any of the enumerated amendments, the conclusion is that, because the Legislature has been considerate and liberal in extending prior limitations in time, and because, under the rule that Workmen's Compensation statutes should be liberally construed, the time expressly fixed by the Legislature of one year after the last payment of an award is made should, by judicial pronouncement, be changed and held to mean one year after the last payment accrues or becomes due. Neither the legislative history of liberality in extending former time limits nor the rule of liberal statutory construction can justify or sustain any such conclusion.
*758 Despite the liberality of the Legislature in extending time limits in other respects it has not, by the amendments referred to in the majority opinion, enlarged the one year period after the last payment by the commissioner of an award in any permanent disability case. But even if it had enlarged that period at different times by successive amendments, it had, before the filing of the present claim, fixed a definite limit of one year after the last payment has been made, and it is not the province of the courts to ignore or violate that limit or to undertake by any method of judicial interpretation, or otherwise, to enlarge or extend it. If a claimant should have more than one year after payment in full of his award of permanent disability has been made in which to apply for an additional award, which is purely a question of legislative policy, the additional time should be given to him by the Legislature and not by any court.
It is well settled that the rule of liberal construction, as any other rule of statutory construction, applies only when the statute is ambiguous and its meaning is doubtful or uncertain. Raynes v. Nitro Pencil Company, 132 W.Va. 417, 52 S.E.2d 248; State v. Patachas, 96 W.Va. 203, 122 S.E. 545; Kelley & Moyers v. Bowman, 68 W.Va. 49, 69 S.E. 456. Here, as already pointed out, the provision of the statute is clear and unambiguous, and, for that reason, it is not subject to judicial interpretation. In 50 Am.Jur., Statutes, Section 225, the widely recognized and firmly established rule that courts will not interpret a plain and unambiguous statute is discussed in these words: "A statute is not open to construction as a matter of course. It is open to construction only where the language used in the statute requires interpretation, that is, where the statute is ambiguous, or will bear two or more constructions, or is of such doubtful or obscure meaning, that reasonable minds might be uncertain or disagree as to its meaning. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning. In the case of such unambiguity, it is the established policy of the courts to regard the statute as meaning what it says, and to avoid giving it any other construction than that which its words demand. * * * A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself, and any attempt to make it clearer is a vain labor and tends only to obscurity."
In my judgment the legislative history of amendments to the Workmen's Compensation statutes is of no importance and, as the statute is plain and unambiguous, the rule of liberal statutory construction does not apply. In considering and resolving the question involved I would disregard legislative history and give recognition to statutory and factual realities. The statute, in plain terms, limits the time within which to apply for an additional award to the period of one year after the last payment of a prior award of permanent disability has been made; the award was paid to the claimant, at his request and presumably solely for his benefit and convenience, and by him accepted, in one lump sum, on September 20, 1949; and the last payment of that award was made by the commissioner more than one year before the claimant filed his application for an additional award. Upon these undisputed actualities, I would hold that the applicable provision of Section 16, Article 4, Chapter 23, Code, 1931, as amended, means what it says; that the provision is plain and unambiguous and should not be judicially interpreted but instead should be given full force and effect; and that the application of the claimant to reopen his claim is barred by the express terms of the statute. Entertaining and adhering to those views, I would reverse the order of the State Compensation Commissioner and the order of the Workmen's. Compensation Appeal Board affirming it and deny the claim for an additional award of compensation for permanent disability.