Robert Dudash

*v.*

State Compensation Commissioner and
Koppers Company, *Incorporated*

(No. 12023)

Submitted April 13, 1960.          Decided June 7, 1960.

*Jackson, Kelly, Holt & O'Farrell, David D. Johnson,* for appellant.

No appearance for appellee.

Berry, Judge:

This is an appeal from the final order of the Workmen's Compensation Appeal Board dated January 22, 1960, allowing the claimant, Robert Dudash, to attempt to reopen his claim. The Workmen's Compensation Commissioner refused to reopen the claim on the ground that the attempt to reopen had not been made

within a year from the date of the last payment for permanent partial disability.

The claimant was injured on May 17, 1956, while working for the employer, Koppers Company, Incorporated. He was awarded 25% permanent partial disability on July 31, 1957, and after protest of said award by the employer, a written stipulation, signed by the parties, was made on April 18, 1958, wherein they agreed for the Commissioner to award a 20% permanent partial disability and that neither party would take an appeal therefrom if the Commissioner would make such an award. The Commissioner agreed to follow the stipulation between the claimant and the employer and on May 16, 1958 awarded a 20% permanent partial disability.

Code 23-4-18, as amended, provides that compensation be computed from the date of disability and be paid in periodical payments. In this case the payments would have expired in eighty weeks from the date of disability, under Code 23-4-6 (c), as amended, providing for four weeks compensation for each one per cent of permanent disability. The Commissioner, after his order of May 16, 1958, issued a check on June 13, 1958 for all back payments in a lump sum.

Three attempts were made by the claimant to reopen the claim, in August, 1958, January, 1959 and March, 1959. On each occasion the Commissioner refused to reopen the claim and no appeal was taken to any of the rulings of the Commissioner. On the last occasion the Commissioner wrote the claimant a letter dated April 2, 1959, in which he specifically advised the claimant that under the law the claimant had only a year from the date of last payment in which to file an application for reopening and that the last payment had been made on June 13, 1958.

On June 23, 1959, the Commissioner received a letter dated June 10, 1959 from a physician, stating that he had examined the claimant and that it was his opinion he was entitled to 40% permanent partial

disability. No application to reopen the claim was made on this occasion by the claimant. See *Lemons v. State Compensation Commissioner*, 144 W. Va. 171, 107 S.E.2d 362. The Commissioner advised the claimant that the attempt to reopen his claim came too late because more than a year had lapsed since the check in the amount of $2400.00, representing payment in full, was made to him on June 13, 1958. It was from this ruling that the claimant appealed to the Workmen's Compensation Appeal Board which Board entered a final order complained of here, reversing the case and remanding it to the Commissioner.

The Appeal Board cited the case of *Haney v. Compensation Commissioner*, 138 W.Va. 303, 76 S.E.2d 753. The *Haney* case is not applicable to the case at bar because the lump sum payment made in the *Haney* case was made under the provisions of Code 23-4-17, as amended, which provides that the Commissioner may make a lump sum payment under "special circumstances" in advance of periodical payments provided for in Code 23-4-18, as amended. Such procedure is used in cases where the claimant wishes to have money in advance for purposes advantageous to him. This Court held that the payments in advance made under provisions of Code 23-4-17, as amended, did not shorten the period of limitation and that said year began after the end of the time which the periodical payments would have been made if the payments had not been made in advance. In the instant case the time for the periodical payments to have been made had expired and the lump sum or payment in full was made to the claimant for the expired periodical payments, under the provisions of Code 23-4-18, as amended. The last periodical payment expired long before June 13, 1958, but inasmuch as the payment in full was made on June 13, 1958, this date was taken as the last payment date and the claimant was advised that he had one year from that date for re-opening.

The order of the Commissioner dated May 16, 1958, awarding 20% permanent partial disability, in accord-

ance with the stipulation of the parties, was a consent order but is binding on the parties in the same manner as entered in an order after a contest and full hearing. 11 M.J., Judgments and Decrees, §173.

It was held in the syllabus of the case of *Cook v. Commissioner*, 113 W.Va. 370, 168 S.E. 369 that: "Code 1931, 23-4-16, providing that 'no further award may be made * * * in cases of non-fatal injuries, except * * * within one year after the commissioner shall have made the last payment in any permanent disability case' does not confer jurisdiction on the compensation commissioner to re-open claims on petitions filed after the expiration of said one-year period." This holding is applicable to the instant case and for the foregoing reasons, the order of the Workmen's Compensation Appeal Board is therefore reversed and the proceeding remanded to that Board with directions to affirm the ruling of the Workmen's Compensation Commissioner in accordance with the reasons stated in this opinion.

*Reversed and remanded with directions.*