CLARENCE RIGGS

*v.*

STATE COMPENSATION DIRECTOR, *et al.*

(No. 12327)

Submitted September 8, 1964.   Decided September 22, 1964.

*McCamic & Tinker, Jeremy C. McCamic,* for appellant.

*Sidney Kelly, Jr.,* for appellee.

CALHOUN, JUDGE:

This case is before the Court on appeal from an order entered on January 15, 1964, by the workmen's compensation appeal board, affirming an order of the director of workmen's compensation, dated July 15, 1963, which refused to consider an application of Clarence Riggs for a reopening and further adjustment of his claim pursuant to Code, 1931, 23-4-16, as amended.

The primary question presented for decision involves the proper period of time within which a claimant must apply for a reopening and further adjustment of his claim following a lump sum payment of an award of permanent partial disability benefits.

The claimant received an injury on March 21, 1961, when a pipe fell on his left foot during the course of his employment by Wheeling Steel Corporation. On April 26, 1961, the claim was held to be compensable and the claimant was paid on a temporary total basis for 11 5/7 weeks in the aggregate sum of $410. He returned to work on June 12, 1961.

On November 9, 1961, the claimant was referred to Dr. C. B. Buffington for a determination of the percentage of permanent partial disability resulting from his injury. In his report dated December 5, 1961, Dr. Buffington reported that the claimant had suffered a 7% permanent partial disability as a result of the injury; and, pursuant to that report, the state compensation commissioner (now director of workmen's compensation) made a 7% award on December 27, 1961, carrying compensation benefits for 28 weeks at $35 a week totaling $980. The commissioner deducted benefits previously paid on a temporary total basis in the sum of $410, leaving a balance of $570 which was paid to the claim-

ant in a lump sum. In his letter dated December 27, 1961, which notified the claimant of the award, the commissioner, pursuant to the requirement of Code, 1931, 23-5-1, as amended, stated that either party had thirty days from receipt of that letter within which to file objection to the commissioner's finding. No objection or protest was filed either by the employer or by the claimant.

On September 19, 1962, the claimant applied for a reopening and further adjustment of his claim pursuant to the provisions of Code, 1931, 23-4-16, as amended. In that connection he wrote a letter to the commissioner in which he stated: "I filed well within the year's limit." On October 23, 1962, the commissioner reopened the claim and referred the claimant again to Dr. C. B. Buffington for examination. In his report dated November 13, 1962, Dr. Buffington stated that in his opinion the claimant had been fully compensated for his injury, and, accordingly, on December 3, 1962, the commissioner refused to award further compensation and notified the claimant that he had thirty days within which to object. No objection or protest was made.

On July 5, 1963, the claimant again applied for a reopening and further adjustment of his claim. On July 15, 1963, the director advised the claimant that the application was too late to be considered because it was not filed within one year from the date of "the last payment" on the permanent partial disability award as required by Code, 1931, 23-4-16, as amended, which provides that, in case of nonfatal injuries, no further award may be made, "except within three years after payment for temporary disability shall have ceased or within one year after the commissioner shall have made the last payment in any permanent disability case." On appeal by the claimant, the appeal board, on January 15, 1964, affirmed the ruling of the director. From that action of the appeal board, the claimant was granted an appeal to this Court.

The letter written by the commissioner to the claimant on December 27, 1961, contained the following:

"In the above claim, you are this day granted a 7% permanent partial disability, carrying payments for 28 weeks. This award is subject to the following breakdown:

"Total amount of award_____980.00
Less previously paid_____410.00
(either on a temporary or
permanent disability basis)
Balance due you_____570.00
Rate of payment_____ 35.00
This award will expire

"The amount due you will be paid in full."

Counsel for the claimant contends that the 28-week period should be deemed to commence on December 27, 1961, the date of the letter, and to end on July 11, 1962; that the latter date should be regarded as the date of "the last payment" of the permanent partial disability award; and that, therefore, the application made on July 5, 1963, for a reopening and further adjustment of the claim was timely. In that connection counsel relies on the case of *Haney* v. *State Compensation Commissioner et al.*, 138 W. Va. 303, 76 S. E. 2d 753, the syllabus of which is as follows: "The time within which a petition may be filed for reopening a claim under Code, 23-4-16, as amended, is computed from the time that the last weekly benefit would have been paid under an award, and a commutation of benefits under Code, 23-4-17, as amended, and lump sum payment pursuant thereto, does not constitute 'the last payment' for the purpose of filing such petition."

The *Haney* case is clearly distinguishable from the present case, and such a distinction has been made by the Court heretofore. *Dudash* v. *State Compensation Commissioner et al.*, 145 W. Va. 258, 114 S. E. 2d 475.

In the *Haney* case, the claimant received an 80% permanent partial disability award which was payable in 320 weekly installments, the last of which would have been due and payable on September 20, 1951. The claimant, however, petitioned the commissioner in the meantime for commutation of such periodical benefits pursuant to Code, 1931, 23-4-17, as amended; and, accordingly, the commis-

sioner paid the benefits to the claimant in a lump sum on September 30, 1949, almost two years before "the last payment" was due and payable. In holding that the one-year period within which the claimant had a right to file a petition for a reopening of his claim should be computed from the date the last weekly payment was due and payable under the award rather than from the date of the lump sum payment, the Court stated (138 W. Va. 306, 76 S. E. 2d 755): "A holding to the contrary would, in cases where periodical payments are commuted, have the effect of shortening the period of time allowed the employee to reopen such a claim, shorten the time in which the employer could present evidence as to complete or maximum recovery, and place in the commissioner the power to fix a date for the commencement of the running of the time limitation. We think the legislature intended no such results."

Code, 1931, 23-4-18, as amended, contains the following provision: "Payments may be made in such periodical installments as may seem best to the commissioner in each case, not exceeding one month apart. In all cases where compensation is awarded or increased, the amount thereof shall be calculated and paid from the date of disability." When the award was made in this case on December 27, 1961, more than twenty-eight weeks had elapsed since March 21, 1961, the date of the injury. All of the weekly payments embraced in the award were then payable and past due. The lump sum payment did not pay any installment in advance of the date it was due and payable. The Court has previously held that, in such circumstances, the one-year period within which the claimant may apply for a reopening and a further adjustment of his claim must be deemed to run from the date of the payment of benefits in a lump sum. *Dudash* v. *State Compensation Commissioner et al.*, 145 W. Va. 258, 114 S. E. 2d 475.

Counsel for claimant complains of the fact that in the letter of December 27, 1961, the commissioner did not specifically advise the claimant that he had one year from that date within which to apply for a reopening and further adjustment of his claim. We are not aware of any legal re-

quirement that the commissioner (now director) give such a notice or notification to the claimant; and we are of the opinion that the failure of the commissioner to do so in this case cannot enlarge the period for reopening plainly specified by statute.

For reasons stated, the order of the Workmen's Compensation Appeal Board of West Virginia, dated January 15, 1964, is affirmed.

*Affirmed.*