Lonnie HOUSE, Petitioner,

v.

SOUTHERN STEVEDORING COMPANY, and Liberty Mutual Insurance Company, Respondents,

Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondent.

No. 82–1440.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 13, 1983.

Decided March 21, 1983.

John H. Klein, Norfolk, Va. (Breit, Rutter & Montagna, Norfolk, Va., on brief), for petitioner.

William L. Dudley, Jr., Stephen A. Strickler, Norfolk, Va. (Harlan, Knight, Dudley & Pincus, Norfolk, Va., on brief), for respondents.

Before WIDENER and ERVIN, Circuit Judges, and FIELD, Senior Circuit Judge.

ERVIN, Circuit Judge:

Lonnie House seeks reconsideration of a lump sum award of workers' compensation. He argues that the assistant deputy commissioner who approved the settlement between House and his employer in 1975 lacked statutory authority to certify awards under 33 U.S.C. § 908(i)(A) (1978), and that therefore the settlement was invalid. Alternatively, he contends that 33 U.S.C.

§ 922 (1978), which requires that claims for reconsideration of awards be submitted within one year of the "date of the last payment of compensation," should be construed to allow a claim filed within one year after the date of the last periodic payment House would have received but for the lump sum settlement.

The Benefits Review Board (BRB) found that the assistant deputy commissioner was properly authorized to approve settlements in behalf of the deputy commissioner. The BRB also found that the timeliness requirement of 33 U.S.C. § 922 was to be read as requiring claims for reconsideration to be filed within one year of the date of the last actual payment of compensation, i.e., the date of payment of the lump sum settlement. We affirm.

## I.

On December 7, 1959, House severely injured his back while employed as a longshoreman for Southern Stevedoring Company. As a result of his injury, he was awarded temporary total disability benefits from December 7, 1959, to July 9, 1962, and 25 percent permanent partial disability benefits thereafter, to be paid over a period of 1,392 weeks, or about 27 years. On March 13, 1975, House and his employer agreed to a lump sum settlement of the balance of benefits owed. This settlement, which called for a single payment of $5,400 in satisfaction of all claims still held by House, was approved on June 18, 1975, in a "Compensation Order Modifying Prior Order and Agreed Settlement" issued by the assistant deputy commissioner of the Office of Workers' Compensation Programs (OWCP), Jerry Oosting. The lump sum payment was made on May 28, 1975. On August 31, 1978, House filed a claim seeking permanent total disability benefits and reconsideration of the 1975 award. This appeal ensues from the denial of that claim by the BRB.

## II.

We first examine House's claim that the 1975 settlement is void because Oosting lacked statutory authority to certify awards.

33 U.S.C. § 908(i)(A) states that "whenever the deputy commissioner determines that it is for the best interests of an injured employee entitled to compensation, he may approve agreed settlements of the interested parties, discharging the liability of the employer for such compensation...." House maintains that because Oosting was merely an assistant deputy commissioner, he possessed no authority under section 908(i)(A) to certify awards.

This argument overlooks the modern judicial doctrine approving broad subdelegation of authority within administrative agencies where subdelegation is in keeping with the nature of statutory duties and with Congress' intent.[1] The Second Circuit has recently considered subdelegation under the Longshoremen and Harbor Workers' Compensation Act, which is the statute governing this case. In *Rodriguez v. Compass Shipping Co.,* 617 F.2d 955 (2d Cir.1980), *aff'd on other grounds,* 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981), the petitioner argued that under 33 U.S.C. § 908(i)(A), a claims examiner lacked statutory authority to approve settlements. The Second Circuit rejected this contention, reasoning that:

Section 39(a) of the Act, 33 U.S.C. § 939(a), empowers the Secretary of Labor to make such rules and regulations "as may be necessary in the administration of this chapter." Almost identical language has been construed by the Supreme Court to permit an official to delegate duties, *Fleming v. Mohawk Wrecking and Lumber Co.,* 331 U.S. 111, 121, 67 S.Ct. 1129, 1134, 91 L.Ed. 1375 (1947), and it is generally accepted in this day and age that a governmental administrator vested with such authority may delegate unless expressly forbidden by statute or by the inconsistency of such a delegation with the purposes of the statute. *E.E. O.C. v. Raymond Metal Products Co.,* 530 F.2d 590, 594 (4th Cir.1976), 1 K. Davis,

---

**1.** *See* K. Davis, Administrative Law Treatise, § 9.01 (2d ed. 1978).

Administrative Law Treatise, § 3.18 (2d ed. 1978). Without the power to delegate the director or deputy director of large divisions of a government department would be hampered in the performance of his multifarious duties.

No sound reason is advanced by plaintiff here in favor of a narrow construction of the Act that would forbid such delegation. A claims examiner, well versed in the factors to be considered in protecting a claimant's right to adequate compensation, is in just as advantageous a position as a deputy director to determine whether a settlement is in the best interest of an injured employee entitled to compensation. Nothing in the history of the statute indicates that Congress' purpose was to insure the exercise of the personal discretion of the Deputy Commissioner as distinguished from that of a duly qualified designee.

*Rodriguez,* 617 F.2d at 958–59.

■ On the strength of this reasoning, which was tacitly approved by the Supreme Court, we reject House's contention that Oosting was not qualified to certify awards. On December 6, 1969, Oosting was explicitly authorized until further notice to "perform the functions of Deputy Commissioner [and] execute Compensation Orders in the capacity of Deputy Commissioner" by the Director of the OWCP. The administrative functions assigned to Oosting were well within his competence. The delegation was proper.

### III.

The parties disagree over whether compensation settlements discharging the liability of employers may be reopened under 33 U.S.C. § 922, which authorizes the deputy commissioner to "review a compensation case" and determine whether modification of a compensation award is appropriate.[2] Because we find that House's petition for modification was untimely, we do not reach this question.

■ Section 922 allows reconsideration of compensation awards on the condition that a claimant seek review within one year after the "date of the last payment of compensation." House argues that this language is ambiguous and should be read leniently to permit his claim within one year of the time the last payment of compensation would have been made had the award been paid out in installments over a period of 27 years. The stevedore responds that the language of section 922 unambiguously means that a request for modification of an award must be filed within one year of the last actual payment of compensation, in which case House's claim, filed three years after the payment of the settlement award, is untimely. The Benefits Review Board agreed with the stevedore and we affirm. We are cognizant of state law authority which supports House's view;[3] nevertheless, we believe that the plain meaning of section 922 requires that claims be filed within one year of the date of the last actual payment of compensation.[4] Since House's claim was submitted three years after the settlement award, the Benefits Review Board correctly refused to allow reconsideration. Accordingly, the decision of the BRB is

AFFIRMED.

---

**2.** 33 U.S.C. § 922 reads in pertinent part:

Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued or at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

**3.** *Haney v. State Compensation Commissioner,* 138 W.Va. 303, 76 S.E.2d 753 (W.Va.1953); N.Y.Work.Comp.Law § 25–a(7) (McKinney); *See also* 3 Larson, Workmen's Compensation Law, § 81.20 (1976) (collecting cases).

**4.** *Accord, Adkins v. Weisner,* 238 Md. 411, 209 A.2d 255 (Md.1965); *Paris v. Carolina Builders Corp.,* 244 N.C. 35, 92 S.E.2d 405 (N.C.1956).