GRACIE JONES, *widow, etc.*

*v.*

STATE COMPENSATION COMMISSIONER *et al.*

(No. 9814)

Submitted April 9, 1946.   Decided April 30, 1946.

*Mahan & White,* for appellant.

*Hillis Townsend* and *W. J. Thompson,* for appellee.

FOX, JUDGE:

The sole question involved on this appeal is whether the widow and dependent children of a man who had contracted silicosis, and was awarded and paid compensation for silicosis of the second stage, and who died within one year from his last injurious exposure to silicon dioxide dust in harmful quantities, and where claim for compensation was filed by his widow and dependents, within one year from the date of such last exposure, shall receive compensation in addition to that theretofore awarded and paid to deceased.

Arthur Jones, the decedent, employed by The New River Company, last worked for that company on March 16, 1944, and contracted silicosis while so employed. On April 4, 1944, he filed claim for benefits under the provisions of Chapter 79, Acts of the Legislature, 1935, known as the Silicosis Act. On this claim he was awarded compensation for silicosis in the second stage, and paid the sum of one thousand dollars as a lump sum. There was no protest nor objection by the employer at any point during the pendency of the claim. Jones never worked for the employer after the payment to him, and died on November 26, 1944. On February 16, 1945, and within one year from the date of the last exposure of decedent to silicon dioxide dust in harmful quantities,

claimant herein, Gracie Jones, widow, filed this claim for the benefit of herself and her dependent children. The claim was protested by the employer at every stage of the proceeding, on the ground that the payment aforesaid to Jones during his lifetime, under the statute, barred a subsequent award of compensation for silicosis to his widow and dependents. On September 19, 1945, the compensation commissioner awarded compensation of thirty dollars a month to the widow, and five dollars a month to each of three infant children of deceased, following the procedure provided for in compensation cases other than those based on silicosis. On December 8, 1945, the compensation appeal board affirmed the ruling of the compensation commissioner, and we allowed this appeal.

The case is one of first impression in this State, and must be determined by construction of Section 7, Article 6, Chapter 23, of Michie's Code, enacted into law by Chapter 79, Acts of the Legislature, 1935, and sections of Chapter 23 referred to therein. We do not consider *Bowdler v. Compensation Commissioner*, 124 W. Va. 629, 22 S. E. 2d 359, as helpful. There the question here presented was neither raised nor decided. There the application was not filed within one year after the last harmful exposure, and the case was decided on that point.

Section 7, of Article 6 of the Silicosis Act, first defines the three stages of silicosis, and then provides for compensation allowable for the separate stages. That part of the section referring to silicosis of the second stage is in the language following: "If the employee is suffering from silicosis of the second stage, the employee shall receive the sum of one thousand dollars as compensation in full for said disease that he has sustained as the result of and in the course of his employment, said sum to be payable as a lump sum or in periodic installments in the discretion of the Commissioner, and *shall be final payment and operate as a full release by the employee for compensation and for any claim against the employer that the employee may thereafter have for silicosis, and irrespec-*

*tive of whether the employee thereafter continues in the same employment, he shall not have the right to receive any or further compensation or make any claim because of silicosis either to the commissioner or against his employer, anything to the contrary in this chapter notwithstanding; \* \* \*."* (Italics ours).

The Silicosis Act, Chapter 79, Acts of the Legislature, 1935, is designated Article 6 of Chapter 23 of the Code, and the reference to "this chapter" in the quotation above refers to Chapter 23 of Code covering workmen's compensation claims. Section 9 of Article 6 provides that application for compensation shall be filed in the office of the compensation commissioner within one year from and after the date of the last injurious exposure to silicon dioxide dust in harmful quantities; or in case of death, the application shall be filed as aforesaid by dependents of such employee within one year from and after the date of such last exposure to silicon dioxide dust. It will be observed that the record shows that decedent last worked for employer on March 16, 1944. In the absence of any showing of a change in conditions in the mine, we think it reasonable to assume that his injurious exposure to silicon dioxide dust in harmful quantities continued to the date he ceased work.

Returning to Section 7 of Article 6 aforesaid, we find that subsections (c) and (d) read as follows:

"(c) If an employee is suffering from silicosis in the third stage, the compensation shall be paid therefor in the same manner and at the same rate as is provided for permanent disability under the provisions of subsections (c), (f), and (h) of section six, article four of this chapter;

"(d) If the employee dies from silicosis within one year from the date of the last exposure of the employee to silicon dioxide dust in harmful quantities, the benefits shall be in the amounts and to the persons provided for in section one, article four of this chapter; as to such benefits sections eleven to fourteen, inclusive of article four of this chapter shall apply."

When we turn to Article 4, we find that Section 1 provides that: "Subject to the provisions and limitations elsewhere in this chapter set forth, the commissioner shall disburse the workmen's compensation fund to the employees of such employers as are not delinquent in the payment of premiums for the month in which the injury occurs, and who have otherwise complied fully with the provisions of this chapter, and which employees shall have received personal injuries in the course of and resulting from their employment in this state, or in temporary employment without the state as defined and limited by section 1, article 2 of this chapter, or to the dependents, if any, of such employees in case death has ensued, according to the provisions hereinafter made; * * *." Sections 11 to 14, inclusive, read:

"11. The benefits, in case of death, shall be paid to such one or more dependents of the decedent, or to such other persons, for the benefit of all of the dependents, as may be determined by the commissioner, who may apportion the benefits among the dependents in such manner as he may deem just and equitable. Payment to a dependent subsequent in right may be made if the commissioner deems proper, and shall operate to discharge all other claims therefor.

"12. The dependent or person to whom benefits are paid shall apply the same to the use of the several beneficiaries thereof, according to their respective claims upon the decedent for support, in compliance with the finding and direction of the commissioner.

"13. Notwithstanding anything herein contained, no sum shall be paid to a widow or widower who shall have abandoned the employee before the injury causing death, but nothing herein contained shall be construed to preclude a widow or widower from receiving compensation in accordance with section ten of this article, if such widow or widower has been abandoned within a period of two years by said employee for any reason except such reason as would have entitled the deceased employee to an annulment, a divorce from the bonds of matrimony

or a divorce from bed and board as provided in article two, chapter forty-eight of this code.

"14. The a v e r a g e weekly wage earnings, wherever earned, of the injured person at the time of the injury, shall be taken as the basis upon which to compute the benefits. The time of injury within the meaning of this section shall be sixty days, six months, or twelve months, immediately preceding the date of the injury, whichever is most favorable to the injured employee."

Section 5 of Article 6, known as the Silicosis Act, provides: "The commissioner shall disburse the workmen's compensation silicosis fund to the employees of such employers as are not delinquent in the payment of premiums for the last month in which said employees have been exposed to silicon dioxide dust in harmful quantities and who have otherwise complied fully with the provisions of this article, and which employees shall have contracted silicosis in this state in the course of and resulting from their employment, or to the dependents, if any, of such employees, in case death has ensued, according to the provisions hereinafter made."

We think a reading of these sections of the Silicosis Act, and the general compensation law, leads to the conclusion that the Legislature intended that, in case of death from silicosis, the widow and dependents of the deceased employee should be entitled to compensation, to be determined by the general compensation act, relating to other types of injury or cause of death. The use of the word "or" instead of the word "and" in the Act, is, to our minds, of no controlling importance. The word "or" is used in the same connection in the general compensation law, as it is used in the Silicosis Act. It is well known that the allowance of compensation to an injured employee, in his lifetime, does not under the general compensation statute, deprive his dependents of their right to compensation, where his death occurs as a result of such injury, provided application therefor is timely filed with the compensation commissioner, and we would not be warranted in holding that the use of the word "or" in

the silicosis statute should be construed in a different way.

However, the provisions of Section 7 of the Silicosis Act present a situation somewhat different from that developed by the general compensation law. There is no provision in the general compensation law that payment of compensation to a decedent, in his lifetime, shall operate as a bar to a further claim of compensation. An allowance of compensation under the general law does not have the effect of barring future claims, provided there is progression or aggravation of the injury, and, provided further, that application for additional compensation is made within the period prescribed by the statute; nor does it bar the claim of dependents in case of the death of the employee. On the other hand, Section 7 of the Silicosis Act contains provisions that full payment of compensation for either first or second stage silicosis shall operate as a full release by the employee, for compensation and for any claim against the employer that the employee may thereafter have for silicosis. To our minds, this means that the employee, having been paid in full for either first or second stage silicosis, is not, himself, thereafter entitled to further or additional compensation for silicosis of any stage. We are of the opinion, however, that this restriction operates only on the employee, and was not intended to, and does not, bar an award of compensation to the dependents of a person who dies from silicosis, provided he dies within one year after his last injurious exposure to silicon dioxide dust in harmful quantities; and provided, further, that claim for compensation on the part of his widow and dependents is filed within one year from the date of such last exposure. Section 5 of the Silicosis Act, and Sections 11, 12 and 13 of Article 4 of Chapter 23 of the Code, all clearly contemplate payment to dependents of a person who dies from silicosis. But for the release provision of Section 7 of the Silicosis Act, there could be no reasonable question as to the legislative intent. Giving to Section 7 a liberal construction in favor of the employee and

his dependents, as many decisions of this Court require us to do, we are of the opinion such release provision does not outweigh what we think was the general purpose and intent of the Legislature, namely, to provide compensation for the widow and dependents of persons who die from silicosis, where their claim for compensation is filed within one year from the date of the last injurious exposure of a decedent to silicon dioxide dust in harmful quantities.

Another consideration having some bearing on this question is the recognized rule, followed by this Court in many cases, that the claim of a widow and dependents, is a separate and distinct claim from that made by an employee in his lifetime. *Gibson v. Compensation Commissioner*, 127 W. Va. 97, 31 S. E. 2d 555.

The ruling of the compensation appeal board is affirmed.

*Affirmed.*