345 S.E.2d 29

**Ada May TANNER**

v.

**WORKERS' COMPENSATION COMMISSIONER**

No. 16938.

Supreme Court of Appeals of West Virginia.

June 5, 1986.

Thomas P. Maroney, Charleston, for appellant.

Workers' Compensation Comm., Charleston, for appellee.

MILLER, Chief Justice:

This is an appeal by a claimant widow from a final decision and order of the Workers' Compensation Appeal Board affirming a ruling by the Workers' Compensation Commissioner rejecting her application for dependents' benefits. The Appeal Board's denial was premised upon a legal determination that the claimant's decedent was not a covered employee because his employer had never been a subscriber to the Workers' Compensation Fund. We find that the Appeal Board committed error.

The claimant widow filed her application for dependents' benefits on May 22, 1980, alleging that her late husband who died on March 18, 1980, had been exposed to the hazards of occupational pneumoconiosis (hereinafter O.P.) while employed at a pottery located in Mannington, West Virginia. It appears that during the years the claimant's decedent had been employed, the pottery operated under several different names, some of which were Bowers Pottery, Lawndale Industries, and Mannington Pottery.

Initially, the claim was rejected by the Commissioner on the theory that there was no showing that O.P. had caused the death. The claimant widow protested this ruling and introduced medical evidence to show a causal connection between the death and her husband's O.P. condition. The decedent's employer was not present or represented at any stage of this litigation, including the evidentiary protest hearings.

At the conclusion of the protest hearings, counsel for the claimant was advised by the Commissioner in a letter dated July 20, 1983, that the records of the Workers' Compensation Fund showed that "Londale Industries" had never been a subscriber to the Fund. Consequently, the Commissioner concluded that the claim should be rejected because the decedent was not a covered employee within the meaning of the workers' compensation law. This was confirmed by the Commissioner's order of October 14, 1983, rejecting the claim, which order was subsequently affirmed by the Appeal Board.

■ On the date of the decedent's death in 1980, W.Va.Code, 23-2-5 (1974), provided, as pertinent here:

"No employee of an employer required by this chapter to subscribe and pay premiums to the workmen's compensation

fund as herein prescribed shall be denied benefits provided by this chapter because of the failure of his employer to subscribe, or pay premiums into, the workmen's compensation fund as herein provided, or because of the employer's failure to make the quarterly payroll reports required by the commissioner."[1]

This section of the law was revised in 1984, but the provision concerning the right of a covered employee to receive workers' compensation benefits despite an employer's failure to subscribe to the Fund, apart from a more economical use of the language, was left substantively unchanged.[2]

The clear and unambiguous language of this statutory provision reflects a legislative intent to ensure that employees and their dependents shall not be deprived of the benefits of the workers' compensation law because an employer subject to the law has, for whatever reason, not subscribed to the Fund or otherwise complied with its provisions.

We have consistently held that where a statute is unambiguous, we accept its plain meaning as illustrated by Syllabus Point 2 of *State ex rel. Underwood v. Silverstein,* 167 W.Va. 121, 278 S.E.2d 886 (1981):

> " 'Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syllabus Point 2, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968)."

The Commissioner's position is that W.Va.Code, 23-2-5 (1974), is not applicable to this claim because the claimant's last exposure was prior to 1974, the year W.Va. Code, 23-2-5, was amended to provide for paying benefits when an employer was not in the Fund.[3] The Commissioner also asserts that the application of the law in effect in 1980 on the date of the decedent's death would constitute *ex post facto* legislation and would work a hardship on the Workers' Compensation Fund.

The Commissioner's argument, however, ignores the basic legal principle that a claim for dependents' benefits under W.Va. Code, 23-4-10, is separate and distinct from an injured employee's claim for disability benefits. Consequently, the workers' compensation statute in effect at the time of the injured employee's death, not the statute in effect when the employee was injured, is the statute that governs dependents' claims for benefits. This was settled in *Sizemore v. State Workmen's Compensation Comm'r,* 159 W.Va. 100, 219 S.E.2d 912 (1975), along with the *ex post facto* or retroactivity argument, as illustrated in its Syllabus Points 1, 2, and 3:

> "1. A claim for death benefits, authorized by *W.Va.Code* 1931, 23-4-10, as amended, is separate and distinct from an injured employee's claim for disability benefits. *Gibson v. State Compensation Commissioner,* 127 W.Va. 97, 31 S.E.2d 555 (1944).
>
> "2. A workmen's compensation statute in effect at the date of an injured employee's death governs the deceased employee's dependents' claims for death benefits.
>
> "3. A law is not retroactive merely because part of the factual situation to

---

1. This particular provision was incorporated into W.Va.Code, 23-2-5, as a result of a 1974 amendment. 1974 W.Va. Acts ch. 145.

2. W.Va.Code, 23-2-5(g) (1984), provides: "No employee of an employer required by this chapter to subscribe to the workers' compensation fund shall be denied benefits provided by this chapter because the employer failed to subscribe or because the employer's account is either delinquent or in default."

3. The Commissioner does not contend that the employer herein was not required to subscribe to the Fund. There is also no argument made that the provisions of W.Va.Code, 23-2-5 (1974), do not extend to dependents' claims. We do not believe such an argument could be seriously advanced in view of W.Va.Code, 23-4-10 (1978), which in relevant part states:

"In case a personal injury ... suffered by an *employee* in the course of and resulting from his employment, causes death ... or if death results from occupational pneumoconiosis ... the *benefits shall be in the amounts and to the persons as follows:*

\* \* \* \* \* \*

"(b) If there be dependents ... such dependents shall be paid for as long as their dependency shall continue in the same amount as was paid or would have been paid the deceased employee for total disability had he lived." (Emphasis supplied).

which it is applied occurred prior to its enactment; only when it operates upon transactions which have been completed or upon rights which have been acquired or upon obligations which have existed prior to its passage can it be considered to be retroactive in application."

■ The issue in *Sizemore* arose as the result of an amendment to the widow's benefit section to increase the amount of benefits payable. This amendment had occurred after the widow's husband had been injured in 1961, but before he had died in 1970. The argument advanced in *Sizemore* was that the widow should only be paid based upon the amount authorized by W.Va.Code, 23–4–10, at the time of her husband's injury. However, we concluded her right to benefits under W.Va.Code, 23–4–10, was a separate and distinct claim that came into being on the date her husband-employee died and that the benefits level as of this date would control.

The Commissioner raises an *ex post facto* argument with regard to applying the 1974 amendment. This point is simply inapplicable because the *ex post facto* doctrine is only applicable to criminal matters. Syllabus Point 1, *Adkins v. Bordenkircher*, 164 W.Va. 292, 262 S.E.2d 885 (1980); *State v. R.H.*, 166 W.Va. 280, 288–289, 273 S.E.2d 578, 583–84 (1980). Furthermore, the Commissioner's retroactivity argument with regard to the 1974 amendment is foreclosed by Syllabus Point 3 of *Sizemore*.

Certainly, the United States Supreme Court has had no difficulty in rejecting similar retroactivity arguments in more extreme situations where federal legislation has created new economic rights. In *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976), it upheld the Black Lung Benefits Act of 1972, 30 U.S.C. §§ 901, *et seq.*, which gave retroactive benefits to retired miners and their dependents who were otherwise uncompensated because of death or retirement prior to the new enactment. *See also Hodel v. Indiana*, 452 U.S. 314, 69, 101 S.Ct. 2376 (1981).

■ We, therefore, conclude that under the provisions of W.Va.Code, 23–2–5 (1974), no employee or dependent of a deceased employee whose employer is required to subscribe to the Workers' Compensation Fund can be denied benefits because such employer failed to subscribe to the Fund.

The Appeal Board thus committed an error of law in rejecting the claim on the basis that the claimant's decedent was not an employee entitled to coverage under the workers' compensation law. It is well settled that:

" 'An order of the Workmen's Compensation Appeal Board will be reversed by this Court on appeal where it is not supported by the evidence or where the legal conclusions of the board are erroneous.' Point 5, Syllabus *Clark v. State Workmen's Compensation Commissioner*, 155 W.Va. 726, 187 S.E.2d 213 (1972)." Syllabus Point 2, *Hamrick v. Workmen's Compensation Comm'r*, 159 W.Va. 840, 228 S.E.2d 702 (1976).

*See also Powell v. State Workmen's Compensation Comm'r*, 166 W.Va. 327, ——, 273 S.E.2d 832, 834 (1980).

The final decision and order of the Workers' Compensation Appeal Board is, therefore, reversed and set aside, and the case is remanded to the Workers' Compensation Commissioner for further proceedings. This decision will be certified to the Workers' Compensation Appeal Board and the Workers' Compensation Commissioner as required by law. W.Va.Code, 23–5–4.

Reversed and Remanded.