No. 24-ICA-269 – *Union Carbide Corporation, a subsidiary of the Dow Chemical Company v. Christina Dearien (decedent) and Thomas Dearien (dependent)*

**FILED**

**June 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

WHITE, Judge, concurring:

I wholeheartedly concur with the majority's opinion and its application of the doctrine of collateral estoppel espoused in *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). In the workers' compensation system, a "claims administrator" is an insurance company employee who, whilst ostensibly applying West Virginia's workers' compensation laws and regulations to rule on a claimant's claim, is also focused on protecting the interests of the insurance company and, indirectly, those of the claimant's employer. The majority opinion deftly notes that a claims administrator "is not bound by the traditional rules operative to an adversary system" and does not issue decisions remotely on par with "a quasi-judicial determination of an administrative agency." ___ W. Va. at ___, ___ S.E.2d at ___ (Slip. Op. at 9). Hence, to put the majority's ruling succinctly: a ruling, assessment, decision, or any other pronouncement by a claims administrator cannot form the basis for collateral estoppel under *Miller*.

This Court recognizes that its authority is limited to what is expressly provided by the Legislature. *See* W. Va. Code § 51-11-4 (2024). In line with the Legislature's limitations, the majority opinion constrains its application of *Miller* and, upon establishing that *Miller*'s collateral estoppel rule does not apply to claims examiner decisions and that the lower tribunal's decision was correct, it ends its analysis.

1

What leaves me troubled, however, is that this is the second time in a year that collateral estoppel has arisen at the appellate level in the context of workers' compensation rulings. It also is the second time in a year that application of the collateral estoppel doctrine has been rejected. In our ruling today, we rejected an employer's attempt to use an adverse claims administrator's ruling against a living claimant to later preclude the claim of a dependent seeking benefits for the work-related death of that claimant. In *Ruble v. Rust-Oleum Corporation*, 250 W. Va. 324, 902 S.E.2d 873 (2024), the Supreme Court of Appeals of West Virginia ("SCAWV") found, under the collateral estoppel guidelines of *Miller*, that a tortfeasor in a lawsuit could not use an adverse ruling against a workers' compensation claimant to subsequently preclude the lawsuit by the claimant against the tortfeasor for injuries the claimant sustained on the job. The SCAWV found that because a workers' compensation claim uses legal standards and procedural rules that are "substantially different from those in a courtroom," a final ruling by a workers' compensation judge does not have preclusive effect in a lawsuit. *Id.* at 326, 902 S.E.2d at 875.

I write separately to underscore that, in cases like the one at bar, where there has been an adverse ruling against a living claimant, that adverse ruling has no preclusive effect on a subsequent claim for death benefits by the deceased claimant's dependents. West Virginia law is clear: an adverse workers' compensation decision against a living claimant has no collateral estoppel effect, and no res judicata effect, on a later claim for dependent's benefits arising from the claimant's work-related death. None. There are two

independent and separate rights of recovery under the Workers' Compensation Act, both based on the same injury or disease: one for the worker during his or her lifetime, and another for the worker's dependents after his or her death. The parties in the claims are different, the parties are not in privity, and their statutory rights are different. Put simply, the actions of an injured worker who litigates a workers' compensation claim while alive will have no preclusive effect on the rights of the worker's dependent survivors, should the worker die as a result of his or her work-related injury or disease.

This is not just my opinion. For eight-and-a-half decades, the Supreme Court of Appeals of West Virginia ("SCAWV") has found that a claim for workers' compensation disability benefits by a living claimant, and a claim for death benefits by a deceased claimant's dependents, "are not the same, nor is a claim for the latter a derivative one." *Gibson v. State Comp. Com'r*, 127 W. Va. 97, 99, 31 S.E.2d 555, 556 (1944).

Beginning with *Lester v. State Compensation Commissioner*, 123 W. Va. 516, 16 S.E.2d 920 (1941), the SCAWV recognized that benefits for living claimants and benefits for a claimant's decedents are treated separately by the Workers' Compensation Act. Regarding living claimants, West Virginia Code § 23-4-6(*l*) (2005) provides (with emphasis added) that "[c]ompensation, either temporary total or permanent partial, . . . shall be payable *only to the injured employee* and the right to the compensation shall not vest in his or her estate[.]" The SCAWV construed this language to mean that when a claimant dies "from ailments not connected with his injury, prior to the full payment of the

3

award," then the deceased claimant's dependents are not entitled to any portion of the award that had not accrued at the time of the claimant's death.[1] *Lester*, 123 W. Va. at 516, 16 S.E.2d at 920, Syl. Pt. 1. The *Lester* Court refused to allow the widow of the deceased claimant to collect the total balance of an award made to the claimant during his lifetime, and it limited her recovery to that portion of the award which had accrued prior to his death.

*Gibson v. State Compensation Commissioner* built upon *Lester*, finding *Lester* established the principle that

> any rights that may attach to an employee's claim for disability benefits are terminable upon his death when, *eo instante*, the right of his dependents to death benefits attaches. The claim for the latter being distinct from that of the employee himself, jurisdiction exists in the commissioner to determine what, if any, death benefits [a dependent] is entitled to receive.

*Gibson*, 127 W. Va. at 99, 31 S.E.2d at 556. Moreover, the *Gibson* Court declared there was simply no "privity between the two types of claims." *Id.* The *Gibson* Court noted that the rights of the dependents of a deceased worker arise in a different part of the Workers' Compensation Act. West Virginia Code § 23-4-10 (2010) dictates that if a worker suffers

---

[1] The Workers' Compensation Act does, however, provide that any benefits that are accrued and payable to a deceased claimant must be paid to the claimant's dependents. The Act provides "that any unpaid compensation which would have been paid or payable to the employee up to the time of his or her death, if he or she had lived, shall be paid to the dependents of the injured employee if there are any dependents at the time of death." W. Va. Code § 23-4-6(*l*). *See also* Syl., *Hogsten v. Comp. Comm'r*, 124 W. Va. 153, 19 S.E.2d 439 (1942) ("Where a workman, after having been awarded compensation under Code, 23-4-6, dies from a separate and subsequent compensable injury, his dependents are entitled to receive such part of said compensation as was accrued and unpaid at the time of the workman's death.").

a personal injury, disease, or pneumoconiosis from his or her job, and that injury/disease/pneumoconiosis results in the worker's death, then upon that death an entitlement of the worker's dependents to their own benefits is triggered. Examining the 1944 version of this statute, the SCAWV succinctly concluded that "[a] claim for death benefits, provided for by Code, 23-4-10, is separate and distinct from an injured employee's claim for disability benefits." *Gibson*, 127 W. Va. at 97, 31 S.E.2d at 555, Syl. Pt. 1.

In the decades since, it has been an unwavering rule of law in West Virginia that a dependent's claim for death benefits is treated in a separate and distinct manner from the claim of the injured worker.[2] "A necessary corollary to this rule is that a dependent's

---

[2] *Johnson v. W. Va. Off. of Ins. Com'r*, 226 W. Va. 650, 654, 704 S.E.2d 650, 654 (2010) (per curiam) ("As long recognized, the right to workers' compensation benefits is wholly statutory. Syl. pt. 2, in part, *Dunlap v. State Compensation Director*, 149 W. Va. 266, 140 S.E.2d 448 (1965). An important aspect of that maxim relevant to this claim was previously observed by this Court in . . . syllabus point 1 of [*Gibson*] which states: 'A claim for death benefits, provided for by Code, 23–4–10, is separate and distinct from an injured employee's claim for disability benefits.'"); *Tanner v. Workers' Comp. Com'r*, 176 W. Va. 427, 429, 345 S.E.2d 29, 31–32 (1986) ("The Commissioner's argument, however, ignores the basic legal principle that a claim for dependents' benefits under W. Va. Code, 23–4–10, is separate and distinct from an injured employee's claim for disability benefits."); Syl. Pt. 2, *Hubbard v. SWCC & Pageton Coal Co.*, 170 W. Va. 572, 295 S.E.2d 659 (1981) ("A dependent's claim for death benefits is separate and distinct from the claim of the injured employee."); *Sizemore v. State Workmen's Comp. Comm'r*, 159 W. Va. 100, 104, 219 S.E.2d 912, 914 (1975) ("[T]his Court also has been committed to the premise that a dependent's rights and claims are unique and separate from those of an injured employee."); *Staubs v. Workmen's Comp. Comm'r,* 153 W. Va. 337, 348, 168 S.E.2d 730, 736 (1969) ("[T]he employer contends that the instant claim of the widow of Fred T. Staubs is barred . . . because of the denial by the state compensation commissioner . . . of a claim for compensation filed by Fred T. Staubs in his lifetime . . . There is no merit in that contention. His claim for compensation and the claim of the widow for benefits for herself

5

right to benefits do not come into full existence until the employee's death." *Hubbard v. SWCC & Pageton Coal Co.*, 170 W. Va. 572, 576, 295 S.E.2d 659, 663 (1981).

But most importantly, a claim by a deceased worker's dependents "is not derived from or dependent upon the outcome of the claim filed" by the worker while he or she was alive. *Staubs v. State Workmen's Compensation Commissioner*, 153 W. Va. 337, 348, 168 S.E.2d 730, 736 (1969). As the majority opinion notes, the *Staubs* Court applied the doctrine of res judicata to find that a woman could pursue a claim for dependent's benefits for her husband's death, despite the husband's claim being disposed of by an adverse order denying him compensation. *Id.*[3]

---

and her children as his dependents are separate and distinct claims and her claim is not derived from or dependent upon the outcome of the claim filed by her husband."); *Ashworth v. Workmen's Comp. Comm'r,* 150 W. Va. 537, 543, 148 S.E.2d 364, 368 (1966) ("[C]laims, under section [23-4-]10, are separate and distinct from an injured employee's claim for disability benefits under section [23-4-]6."); *Terry v. State Comp. Comm'r*, 147 W. Va. 529, 534, 129 S.E.2d 529, 532 (1963) ("It is true that the claim of the widow in this proceeding is separate and distinct from the claim of her husband."); *Jones v. State Comp. Comm'r,* 128 W. Va. 737, 744, 38 S.E.2d 376, 380 (1946) ("[T]he claim of a widow and dependents is a separate and distinct claim from that made by an employee in his lifetime.").

[3] The *Staubs* Court applied res judicata in this manner:

> To constitute res judicata there must be concurrence of these four conditions: Identity in the thing sued for; identity of the cause of action; identity of the persons and the parties to the proceeding; and identity of the quality in the persons for or against whom the claim is made. The identity in the thing sued for; the identity of the cause of action; and the identity of the person and the parties to the proceeding are not present with respect to the claim of the widow of Fred T. Staubs for benefits

But the same result is reached by strictly applying the terms of the collateral estoppel/issue preclusion doctrine found in *Miller*. Syllabus Point 1 of *Miller* requires proof of each of these four conditions:

> (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Miller*, 194 W. Va. at 6, 459 S.E.2d at 117, Syl. Pt. 1.[4] A dependent's claim for benefits is protected from the rulings made in a living worker's claim by the need to satisfy the four conditions set forth in *Miller*.

---

> as his dependent and his claim for disability benefits and the absence of these identities with respect to both claims renders the doctrine of res judicata inapplicable to the present proceeding.

*Staubs*, 153 W. Va. at 349, 168 S.E.2d at 736 (citations omitted).

[4] The courts of Maryland note that "[t]he doctrines of res judicata and collateral estoppel are two branches of a doctrine known as estoppel by judgment." *Weatherly v. Great Coastal Exp. Co.*, 883 A.2d 924, 932 (Md. Ct. Spec. App. 2005). Both doctrines have the same function: "to avoid the expense and vexation of multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Colandrea v. Wilde Lake Cmty. Ass'n*, 761 A.2d 899, 907 (Md. 2000). But the significant difference between the doctrines is that res judicata "bars subsequent litigation not only of what was decided in the original litigation of the claim but also of what *could have been decided* in that original litigation." *Weatherly*, 883 A.2d at 933.

Regarding the first condition in *Miller*, the issues decided in a living claimant's proceeding are not identical to the issues presented in a claim by a deceased worker's beneficiaries. Primarily, whether a worker was injured as a result of employment requires different proof than whether a worker died as a result of employment, particularly in the context of occupational diseases or pneumoconioses.[5] Second, there can never be "a final adjudication on the merits" of a dependent's rights in a living worker's proceeding because, statutorily, a dependent cannot file a claim until after the death of the worker. A worker's claim for benefits belongs solely to the worker, the worker chooses whether and how to pursue the claim, and the claim ceases to exist at his or her death, while a dependent's right to benefits does not exist until the worker dies. While a ruling may be "final" as to the worker during his lifetime, that ruling has no bearing on the worker's innocent dependents who are not a part of the worker's living claim.

The third and fourth factors of *Miller* are even more conclusive. They require that "the party against whom the doctrine is invoked was a party or in privity with a party to a prior action" and "had a full and fair opportunity to litigate the issue in the prior action."

---

[5] To be clear, for purposes of administrative efficiency or judicial notice, if a living claimant is viewed by medical experts while alive and establishes in a workers' compensation proceeding the existence of an occupational injury, disease, or pneumoconiosis, then the beneficiary of dependent's benefits generally does not need to reestablish the existence of the injury, disease, or pneumoconiosis. The only burden of the dependent would be to establish that the claimant's death was a result of the preexisting, established condition. *See* Lex K. Larson, Thomas A. Robinson, *Larson's Workers' Compensation Law*, §98.01[4] at 98-5 (2024) ("[T]he dependent need only prove the death, the causal connection, and the dependency status.").

Eighty-plus years of case law from the SCAWV conclusively shows that a dependent is not a party to a living claimant's workers' compensation proceeding: West Virginia Code § 23-4-6(*l*) establishes that disability benefits belong solely to a living, injured worker, while the rights of that worker's dependents do not arise under West Virginia Code § 23-4-10 until after the worker dies. Moreover, the parties are not in privity; as the *Miller* Court said, privity requires "the sharing of the same legal right by the parties[.]" *Miller*, 194 W. Va. at 13, 459 S.E.2d at 124. The legal rights and benefits available by statute to living claimants and to their dependents are wholly separate and distinct. *See Gibson*, 127 W. Va. at 99, 31 S.E.2d at 556 (finding the "concept of privity between the two types of claims . . . negatived" by the structure of the Workers' Compensation Act). And, of course, a dependent has absolutely no right to participate in a living worker's claim proceeding. Under *Miller*, dependents cannot be bound by a result reached in a proceeding to which they were not, and could not, be parties. Put simply, under the fourth condition of *Miller*, there can never be a finding the dependent had any opportunity to litigate an issue to finality, let alone "a fair chance to contest the earlier litigation." *Miller*, 194 W. Va. at 13, n.17, 459 S.E.2d at 124, n.17.

This analysis is applied by courts nationwide. Professor Arthur Larson, in his seminal treatise first published in 1952, summarized the rule thusly:

> The dependent's right to death benefits is an independent right derived from statute, not from the rights of the decedent. Accordingly, death benefits are not affected by compromises or releases executed by decedent, or by an

9

adverse holding on decedent's claim, or by claimant's failure
to claim within the statutory period.

Lex K. Larson, Thomas A. Robinson, *Larson's Workers' Compensation Law*, § 98 at 98-1

(2024). Hence, the "settlement, compromise, or release by the deceased of his or her rights

under the [Workers' Compensation] Act cannot bar the statutory rights of any dependents,

since these rights are independently created by statute." *Id.*, § 98.01[2] at 98-4. Moreover,

> The most striking consequence of the independent
> status of dependency rights is the rule . . . that an adverse
> decision on the merits of a claim by the employee while he or
> she was alive does not bar a dependency claim . . . since the
> parties and rights involved are different, and since the
> dependent is not in privity with the injured employee as to the
> rights asserted. . . .
>
> A fortiori, the defeat of the employee's claim on
> procedural grounds such as failure to file a timely claim, or the
> employee's complete failure ever to make claim during his or
> her lifetime, is not a bar to the rights of dependents.

*Id.* at 98.01[4] at 98-5 to -7.[6]

The SCAWV recently said that the Workers' Compensation Act was

supposed to create a speedy process to provide compensation for work-related injuries and

deaths "sufficient to keep bread on the table and the wolves away from the door." *Ruble*,

250 W. Va. at 331, 902 S.E.2d at 880. A neighboring court said workers' compensation

---

[6] *See* Syl. Pt. 2, *Gibson*, 127 W. Va. at 97, 31 S.E.2d at 556 ("Where an employee, injured in the course of his employment, is denied compensation during his lifetime on the ground that disability is not the result of said injury, the State Compensation Commissioner has jurisdiction to consider a claim, timely filed, for death benefits after the death of the employee and may determine whether the personal injury received by the employee caused his death.").

benefits help society "car[e] for the helpless human wreckage found in the trail of modern industry." *Liggett & Meyers Tobacco Co. v. Goslin*, 160 A. 804, 807 (Md. 1932). West Virginia's law is absolutely clear that neither res judicata nor collateral estoppel may be interposed to delay or deny benefits to the dependents of a worker who has died as a result of an on-the-job injury, disease, or pneumoconiosis.

I applaud the majority opinion's decision to find Mr. Dearien entitled – speedily and efficiently – to dependent's benefits for the death of his wife from a disease which numerous experts opined was caused by her exposure to chemicals in the course of her work for Union Carbide. Accordingly, I concur.